# CASES

IN THE

# SUPREME JUDICIAL COURT,

IN THE

COUNTY OF CUMBERLAND, APRIL TERM, 1835.

---

## SWETT vs. PATRICK.

In an action founded on a breach of the covenant of warranty in a deed of conveyance, the true measure of damages, where there has been an eviction by judgment of law, is, the value of the land at the time of the eviction and expenses incurred in defending the suit, including fees paid counsel.

THIS was an action of covenant broken in which the plaintiff declared on a breach of the defendant's covenant of warranty in his deed to the plaintiff conveying certain real estate. It appeared that the plaintiff had by judgment of law, been evicted by the President, Directors & Company of the Cumberland Bank, they having an elder and a better title to the premises ; and that the defendant was duly and seasonably notified of the suit in which said judgment was rendered but did not take upon himself the defence thereof.

The jury found a verdict for the plaintiff for $134, being the value of the premises at the time of the eviction, and also for $89,60, expenses incurred by the plaintiff in defence of the aforesaid suit against him ; which last mentioned sum, included the costs recovered by the Bank, and the amount paid by the plaintiff to witnesses and counsel.

If in the opinion of the Court these expenses were properly included in the verdict, judgment was to be rendered thereon.

*Longfellow*, for the defendant, insisted that the true measure of damages was the value of the land at the time of the eviction

and the costs of suit up to the time of notice or citation to the warrantor. In this case *Patrick* the defendant, elected to let the suit against *Swett* go by default. He chose to incur no useless expense in defending a suit which was indefensible ; and *Swett* by doing it, after notice to *Patrick*, did it in his own wrong and is not therefore entitled to recover back the amount of his warrantor. At all events, there is no authority for including the fees of counsel in the estimate of damages.

*Fessenden & Deblois,* for the plaintiff, cited the following authorities : *Sumner* v. *Williams,* 8 *Mass.* 221 ; *Leffingwell* v. *Elliott,* 8 *Pick.* 456 ; 3 *Caine's Rep.* 111 ; *Pitcher* v. *Livingston,* 4 *Johns.* 1 ; *Waldo* v. *Long,* 7 *Johns.* 173 ; *Kitch* v. *Bridgham,* 7 *Johns.* 168 ; 13 *Johns.* 281.

WESTON C. J. — The covenant of warranty, upon which the defendant was charged, is one of indemnity. He had been seasonably notified of the suit, in which the paramount title was established ; and is therefore liable for costs. The cases cited for plaintiff show, that the costs of defending are to be allowed on the covenant of warranty. The plaintiff had a right to defend. He was justified in making every fair effort to retain the land, which he must be understood to have purchased for his own convenience. An equivalent in value might not be equally satisfactory. If the defendant was apprized of the infirmity of his title, he should have stepped forward and relieved the plaintiff, by making the best adjustment he could with the adverse claimant. In that way he might have protected himself from costs. The plaintiff could not defend without counsel ; and if employed, they must be paid. It does not appear that he incurred any unnecessary expenditure.

The opinion of the Court is, that the plaintiff is legally entitled to the damages found.

*Judgment on the verdict.*