**Claire GRANT, et al.**

v.

**CITY OF SACO, et al.**

Supreme Judicial Court of Maine.

Argued Nov. 21, 1980.

Decided Nov. 2, 1981.

Sunenblick, Fontaine & Reben, Stephen P. Sunenblick (orally), Portland, for plaintiff.

Caron, Ayotte & Caron, Ronald E. Ayotte, Sr. (orally), Saco, for City of Saco.

Drummond, Woodsum, Plimpton & MacMahon, P.A., Harry R. Pringle (orally), Portland, for Saco School Committee, et al.

Before McKUSICK, C. J., and WERNICK,* NICHOLS, GLASSMAN,** ROBERTS and CARTER, JJ.

ROBERTS, Justice.

The plaintiffs are sixty-seven school teachers employed in the Saco public school system. In November 1979, the plaintiffs, asserting a violation of 26 M.R.S.A. § 621 by the City of Saco, the Saco School Committee, and Howard Cushman, Superintendent of Schools, brought an action pursuant to 26 M.R.S.A. § 626–A for unpaid wages.

Under section 621, certain employers are required to pay their employees within eight days of the time when the work is performed.[1] Section 626–A allows an em-

---

* WERNICK, J., sat at oral argument and participated in the initial conference but retired prior to the adoption of this opinion.

** GLASSMAN, J., sat at oral argument and participated in the initial conference but died before the adoption of this opinion.

1. 26 M.R.S.A. § 621 provides:

 Every corporation, person or partnership engaged in a manufacturing, mechanical, mining, quarrying, mercantile, restaurant, hotel, summer camp, beauty parlor, amusement, telegraph or telephone business; in any of the building trades; in logging or lumbering operations; upon public works, or in the construction or repair of roads, bridges, sewers, gas, water or electric light works, pipes or lines; every incorporated express company or water company; and every steam railroad company or corporation shall pay weekly each employee engaged in his or its business the wages earned by him to within 8 days of the date of such payment; every county and city shall so pay every employee who is engaged in its business the wages or salary earned by him, unless such mechanic, workman, laborer or employee requests in writing to be paid in a different manner. Every town shall so pay each employee in its business if so required by him. An employee who is absent from his regular place of labor

ployee to bring an action for violation of section 621 and if successful, receive a judgment for the amount of unpaid wages, liquidated damages of twice that amount, and attorney's fees.[2] Because the practice in the Saco school system is to pay its teachers in bi-weekly installments through the school calendar year rather than in accord with the weekly payment provision of section 621, the plaintiffs seek the damages prescribed by section 626–A from the above-named defendants.

The defendants' main contention on appeal and in the proceedings below is that section 621 does not, by its terms, apply to school teachers.[3] This position was viewed as unpersuasive by the Superior Court justice who heard and denied defendants' motion to dismiss for failure to state a cause of action. Nevertheless, defendants' motion for summary judgment was granted by another justice of the Superior Court on the ground that section 621 did not apply to public school teachers.

The plaintiffs appeal the entry of summary judgment for the defendants on two grounds. First, they contend the second Superior Court justice violated the doctrine of the law of the case when he entered summary judgment for the defendants in apparent conflict with the first justice's ruling on the motion to dismiss. Second, the plaintiffs assert that the Superior Court erred in finding section 621 inapplicable to school teachers.

 The doctrine of the "law of the case" rests on the sound policy that in the interest of finality and intra-court comity a Superior Court justice should not, in subsequent proceedings involving the same case, overrule or reconsider the decision of another justice. *Blance v. Alley*, Me., 404 A.2d 587, 589 (1979); *Warren v. Waterville Urban Renewal Authority*, Me., 259 A.2d 364, 367 (1969). Such a rule of practice promotes the orderly conduct of an action and discourages judge shopping. *Blance v. Alley*, 404 A.2d at 589. While based on important policy considerations, the law of the case is not as rigidly applied as the doctrine of *res judicata*. *Id.* The rule does not serve as a complete bar to reconsideration of an issue when the prior ruling is provisional or lacks clarity, or the error is of such character that it should be corrected at trial. 1B *Moore's Federal Practice* ¶ 0.404[4], at 454–55 (1980).

 Moreover, the law of the case cannot require this Court to reverse a correct decision of a Superior Court justice simply because it is contrary to a prior ruling of another justice of the Superior Court. *See Burns v. Massachusetts Institute of Technology*, 394 F.2d 416, 418 (1st Cir. 1968); *Parmelee Transportation Co. v. Keeshin*, 292 F.2d 794, 797 (7th Cir. 1961), *cert. denied*, 368 U.S. 944, 82 S.Ct. 376, 7 L.Ed.2d 340, *reh. denied*, 368 U.S. 972, 82 S.Ct. 437, 7 L.Ed.2d 401. While defendants would have no grounds to complain if the Superior Court had refused to consider the motion for summary judgment, plaintiffs suggest that the "law of the case" prevents us from reviewing a question of law addressed in the proceedings below and squarely before

---

at a time fixed for payment shall be paid thereafter on demand.

**2.** 26 M.R.S.A. § 626–A provides:

Whoever violates any of the provisions of sections 621 to 623 or section 626 shall be punished by a fine of not less than $100 nor more than $500 for each violation.

Any employer shall be liable to the employee or employees for the amount of unpaid wages. Upon a judgment being rendered in favor of any employee or employees, in any action brought to recover unpaid wages under this subchapter, such judgment shall include, in addition to the unpaid wages adjudged to be due, a reasonable rate of interest, an additional amount equal to twice the amount of such wages as liquidated damages and costs of suit including a reasonable attorney's fee.

The suit for unpaid wages may be brought by either the affected employee or employees or by the Department of Manpower Affairs. The Department of Manpower Affairs is further authorized to supervise the payment of the judgment.

**3.** The defendants also contend that plaintiffs agreed to be paid in a manner different from that provided by section 621. While section 621 may permit such agreements, we need not reach this question on appeal.

this Court on appeal. To follow such a course would not only perpetuate error but also necessitate remand for trial "even if it be apparent that any judgment for the plaintiff would have to be vacated." *Burns v. Massachusetts Institute of Technology*, 394 F.2d at 418.[4]

We find that the "law of the case" does not prevent review of the merits on this appeal. We must, therefore, examine the plaintiffs' contention that section 621 applies to the instant action. To support this point, the plaintiffs trace the origins of section 621 and a related statute which at one time directly addressed the payment of teachers' wages, 20 M.R.S.A. § 961.

The original version of section 621 was enacted in 1887. The 1887 Act called for fortnightly payment of wages, included municipal corporations within the scope of its

mandate, but expressly excluded teachers from its coverage. P.L.1887, ch. 134, §§ 1, 5.[5] In 1911, the exception regarding teachers was deleted as was the reference to municipal corporations. Instead, the 1911 Act made reference to counties, cities and towns and called for weekly payment of wages. P.L.1911, ch. 39.[6] The current version of section 621 contains no other substantive changes in the 1887 Act relevant to the instant matter.

In 1909, the forerunner to the current version of 20 M.R.S.A. § 961 was enacted by the Legislature. The 1909 Act provided that teachers could be paid at the end of each school month but only if the attendance register required to be kept by all teachers was properly completed. P.L.1909, ch. 74.[7] This Act which had been codified at 20 M.R.S.A. § 961 (1965) was repealed

---

4. The transcript of the hearing on the motion to dismiss suggests that the denial of the motion was something less than a definitive ruling on the issues presented.

5. The 1887 Act provided, in part:
 SECT. 1. Every manufacturing, mining, quarrying, stonecutting, mercantile, horse railroad, telegraph, telephone and municipal corporation, and every incorporated express and water company, and any person or firm engaged in any of the above specified kinds of business, having in their employ more than ten persons, shall pay fortnightly each and every employe engaged in its business, the wages earned by such employe to within eight days of the date of said payment; provided, however, that if at any time of payment, any employe shall be absent from his regular place of labor, he shall be entitled to said payment at time thereafter on demand.

 · · · · ·

 SECT. 5. The provisions of this act shall not apply to municipal officers whose services are paid for by the day, or to teachers employed by municipal corporations.

6. The 1911 Act provided, in part:
 Every manufacturing, mining or quarrying, mercantile, street railway, telegraph or telephone corporation, every incorporated·express company or water company, and every contractor, person or partnership engaged in any manufacturing business, in any of the building trades, in quarries or mines, upon public works or in the construction or repair of street railways, roads, bridges or sewers or of gas, water or electric light works, pipes or lines, shall pay weekly each employee engaged in his or its business the wages earned

by him to within eight days of the date of said payment, but any employee leaving his or her employment shall be paid in full on the following regular pay day, provided, that when an employee is discharged he shall be paid the wages due him on demand; and the state, its officers, boards and commissions shall so pay every mechanic, workman and laborer who is employed by it or them, and every county and city shall so pay every employee who is engaged in its business the wages or salary earned by him, unless such mechanic, workman, laborer or employee requests in writing to be paid in a different manner; and every town shall so pay each employee in its business if so required by him. . . .

7. P.L.1909, chapter 74 provided, in part:
 Every teacher of a public school shall keep a register thereof, containing the names of all scholars who enter the school, their ages, the dates of each scholar's entering and leaving, the number of days during which each attended, the length of the school, the teacher's wages, a list of text-books used, and all other facts required by the blank forms furnished him. Such register shall at all times be open to the inspection of the school committee, and be returned to them at the close of the school. Teachers may be paid for their services at the close of each school month, but no teacher shall receive final payment for services for any term until the register herein described, properly filled, completed and signed, is deposited with the school committee, or with the person designated by them to receive it.

and replaced by the passage of an errors and inconsistencies bill in 1969. The new version of section 961 contained no reference concerning the payment of wages and placed the responsibility of keeping attendance records upon the school committee. 20 M.R.S.A. § 961 (Supp.1980).[8]

Because section 961 no longer contains any provision regarding the payment of teachers' salaries, the plaintiffs urge that they are now within the scope of the coverage provided by section 621. We, however, cannot accept such a mechanical and literal approach to the interpretation of section 621. *See State Development Office v. State Employees Appeal Board*, Me., 363 A.2d 688, 690 (1976). The plaintiffs fail to convince us that the revision of section 961 in an errors and inconsistencies bill indicates a conscious or deliberate legislative purpose to bring teachers within the scope of 621 particularly in light of the nonapplicability of section 621 to teachers for over fifty years and the substantial penalties involved for violations of that provision.

Moreover, the language of section 621, standing apart from the statutory history of section 961, does not indicate that teachers are within the purview of its provisions. Teachers possess a unique status as employees of a school system. *See Board of Directors of Maine School Administrative District No. 36 v. School Administrative District No. 36 Teachers Association*, Me., 428 A.2d 419, 422 (1981). They serve as professionals. *Cf.* 26 M.R.S.A. § 962(5). Their duties and responsibilities are not of the same kind as the class of employees specifically mentioned in section 621, namely, mechanics, workmen and laborers. *Cf.*

*People v. City of Buffalo*, 11 N.Y.S. 314 (Sup.Ct.1890). The terms of their employment are to a great extent mandated by statute. *See, e. g.*, 20 M.R.S.A. §§ 161(5) (contracts of employment shall not be less than two years, automatic extension of contract unless notice to contrary six months prior to terminal date of contract), 473(9) (leave of absence at half pay), 1901 (minimum salaries based on education and experience), 1902 (reimbursement for professional credits), 1951 (minimum sick leave); *Winship v. Brewer School Committee*, Me., 390 A.2d 1089 (1978) (review of school committee's dismissal of teacher pursuant to 20 M.R.S.A. § 473(4) on grounds that teacher was unfit to teach and his services unprofitable to school system); *Wright v. Superintending School Committee, City of Portland*, Me., 331 A.2d 640 (1975) (school board does not have power to dismiss a tenured teacher in order to calm fear of constituency absent evidence that character or notoriety of teacher's conduct adversely affects his services to school). Because the special nature of a teacher's employee-employer relationship is clearly distinguishable and far different from that of others typically employed by cities, counties and towns, we find no reason to conclude that the Legislature intended the inclusion of the plaintiffs within the scope of section 621.[9]

The entry is:

Judgment affirmed.

All concurring.

---

8. 20 M.R.S.A. § 961 provides:
 The school committee or school directors shall require the maintenance by a person or persons designated by them of accurate attendance records of all pupils who attend a public school in the school administrative unit. The records shall contain the name of each pupil who enters the school, his date of birth, the dates when he entered and left the school, the number of days attended and the number of times late for school. The records shall, at all times, be open to the inspection of the school committee or school directors.

The person or persons designated to maintain the records shall provide to the board of directors or school committee data they request at the end of each school year and at such times during the school year as they may require.

9. Since we conclude that section 621 does not include teachers, we do not reach and we intimate no opinion on the additional argument of the defendants that the plaintiffs are not employees of the City.