David L. LORD et al.

v.

Marcia MURPHY et al.

Supreme Judicial Court of Maine.

Argued March 20, 1989.

Decided July 12, 1989.

---

Rebecca A. Irving (orally), Machias, for plaintiffs.

Steven J. Mogul (orally), Gross, Minsky, Mogul & Singal, Bangor, for defendants.

Thomas D. Warren, Deputy Atty. Gen., Augusta, amicus curiae.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD and COLLINS, JJ.

GLASSMAN, Justice.

The defendants, Marcia Murphy, Peter Phillips and Helen Hatt, in their individual capacities as social workers employed by the Department of Human Services (DHS), appeal from the order of the Superior Court (Washington County, *Smith, J.*) denying their motion for a summary judgment based on their claim of immunity to the complaint of plaintiffs, David L. Lord and his three minor children, pursuant to 42 U.S.C. § 1983 (1982). We agree with the defendants that the trial court erred in

relying on the doctrine of the law of the case to deny the defendants' motion and vacate the order.

This action arose out of the alleged participation of the defendants in child protective proceedings and the placement of the minor plaintiffs in foster care after their removal from their mother's home because of threatened serious harm to them.[1] By count 13 of their complaint the plaintiffs allege, *inter alia*, that the defendants, in their individual capacities as caseworkers for the DHS, violated various statutory and constitutional rights of the plaintiffs by initiating child protective proceedings while having knowledge that David Lord had legal custody of the minor plaintiffs by reason of a Kentucky decree; failing to notify David Lord of the various proceedings; and failing to protect the minor plaintiffs from harm and abuse in the foster home where the children were placed for one and one-half years and in their mother's home where the minor plaintiffs were replaced after alleged abuse in the foster home and where they remained exposed to jeopardy and abuse. The defendants by their answer asserted, *inter alia*, the defense of absolute immunity or, in the alternative, qualified immunity.

In a summary judgment motion made by the plaintiffs in 1986, the defendants argued that they were entitled to immunity under section 1983 and that the court should enter partial summary judgment in their favor on Count 13 pursuant to M.R. Civ.P. 56(c). The Superior Court (Washington County, *Pierson, J.*),[2] denied the plaintiffs' motion and found that the officials of DHS were aware of and acted in contravention of statutory directives by failing to give proper notice to David Lord and by failing to recognize the Kentucky custody decree and thus were not immune from suit under section 1983.

---

1. The plaintiffs' complaint, in 17 counts, against the Department of Human Services, the Commissioner of the Department of Human Services, Deborah Lord, the former wife of the plaintiff David Lord and the mother of the three minor plaintiffs, and Marcia Murphy, Peter Phillips and Helen Hatt, was dismissed as to all the defendants on all the counts with the exception of Count 13 as to the three named social workers of the Department of Human Services, in their individual capacities.

2. At this time the trial court dismissed Counts 8, 9 and 16 of the plaintiffs' complaint as to all the defendants.

The defendants in 1988 moved for summary judgment, arguing, *inter alia,* that they were entitled to section 1983 immunity. The Superior Court (Washington County, *Smith, J.*)[3] denied the defendants' motions on the ground that the earlier ruling addressing immunity was the law of the case. Accordingly, the court did not address the defendants' entitlement to absolute or qualified immunity, and the defendants appeal.

## I

■ We first must dispose of the plaintiffs' motion to dismiss the appeal. The plaintiffs argue that the appeal must be dismissed because no final judgment has been entered pursuant to M.R.Civ.P. 54(b) and there remains outstanding several cross-claims. The defendants counter that recent United States Supreme Court cases establish the defendants' right to an interlocutory appeal of the trial court's denial of their summary judgment motion based on their absolute or qualified immunity to the plaintiffs' section 1983 claim. We agree with the defendants and deny the plaintiffs' motion.

M.R.Civ.P. 54(b) states:

**(b) Judgment Upon Multiple Claims or Involving Multiple Parties.** Except as otherwise provided in Rule 80(d), when more than one claim for relief is presented in an action, whether as a claim, counterclaim, cross-claim, or third-party claim, or when multiple parties are involved, the court may direct the entry of a final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay and upon an express direction for the entry of judgment. In the absence of such determination and direction any order or other form of decision, however designated, except those enumerated in the last sentence of Rule 80(d), which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall

not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

The trial court did not make a determination that "there is no just reason for delay" or an "express direction for the entry of judgment" and thus the summary judgment of one of the claims in a case involving multi-claims cannot be considered a final judgment under M.R.Civ.P. 54(b).

This case, however, falls within the "collateral order" exception to the final judgment rule. Under this equitable doctrine, established by the United States Supreme Court, a decision is appealable even though portions of the case remain undecided "if it falls within 'that small class which finally determine claims of right separable from, and collateral to, rights asserted in the action, too important to be denied review and too independent of the cause itself to require that appellate consideration be deferred until the whole case is adjudicated.'" *Mitchell v. Forsyth,* 472 U.S. 511, 524–25, 105 S.Ct. 2806, 2814–15, 86 L.Ed.2d 411 (1985) (quoting *Cohen v. Beneficial Indust. Loan Corp.,* 337 U.S. 541, 546, 69 S.Ct. 1221, 1226, 93 L.Ed. 1528 (1949)).

■ The "collateral order" doctrine as applicable to an appeal from a denial of defendants' motion for summary judgment on the ground of absolute immunity was recognized by the United States Supreme Court in *Nixon v. Fitzgerald,* 457 U.S. 731, 742–43, 102 S.Ct. 2690, 2697–98, 73 L.Ed.2d 349 (1982). In *Mitchell,* the Supreme Court held that qualified immunity, similar to absolute immunity, is an entitlement of "an *immunity from suit* rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." *Mitchell,* 472 U.S. at 526, 105 S.Ct. at 2815 (emphasis in the original). The Court held that denial of qualified immunity falls within the collateral order doctrine and there-

**3.** At this time the trial court dismissed the remaining counts in the plaintiffs' complaint as to all defendants with the exception of Count 13 as to Marcia Murphy, Peter Phillips and Helen Hatt in their personal capacities.

fore is an appealable interlocutory decision. *Id.* at 526–29, 105 S.Ct. at 2815–17. Although the Court was addressing qualified immunity in the context of a federal official, the Court has made no distinction between its treatment of federal and state officials. *See Harlow v. Fitzgerald,* 457 U.S. 800, 818 n. 30, 102 S.Ct. 2727, 2738 n. 30, 73 L.Ed.2d 396 (1982); *Butz v. Economou,* 438 U.S. 478, 504, 98 S.Ct. 2894, 2909, 57 L.Ed.2d 895 (1978). M.R.Civ.P. 54(b) is thus inapplicable here because the defendants are appealing a final decision, under the collateral order doctrine, of the court's denial of their absolute or qualified immunity defense. *See* 10 C. Wright, A. Miller & M. Kane, *Federal Practice and Procedure* § 2658.4, at 91–92 (1983) ("A 'claim' for purposes of the collateral order doctrine ... is not a 'claim for relief' within the meaning of Rule 54(b) inasmuch as the rule refers only to claims in the sense of the substantial right being asserted—the cause of action—rather than requests that are incidental to the procedure for obtaining a judicial award and enforcing it.") (citations omitted); 9 J. Moore, B. Ward & J. Lucas, *Moore's Federal Practice* ¶ 110.09, at 129 (1989) (Rule 54(b) certificate is not required to import finality to an order if the order is final within the *Cohen* rule); *see also Maine Cent. R.R. v. Bangor & Aroostook R.R.,* 395 A.2d 1107, 1114 (Me.1978) (court relying on Professors Wright and Miller and Professor Moore for interpretation of M.R.Civ.P. 54(b) since it is identical to Fed.R.Civ.P. 54(b)). The fact that the trial court rested its decision on the law-of-the-case doctrine and therefore did not reach the immunity defense does not alter the appealability of that decision. *See Musso v. Hourigan,* 836 F.2d 736, 741 (2d Cir.1988); *see also Craft v. Wipf,* 810 F.2d 170, 173 (8th Cir.1987); *Helton v. Clements,* 787 F.2d 1016, 1017 (5th Cir. 1986).

## II

The defendants argue that the trial court abused its discretion in relying on the doctrine of the law of the case as the basis for denying summary judgment to the defen-

dants on Count 13. *See Sprague v. Washburn,* 447 A.2d 784, 786 (Me.1982) (standard of review is abuse of discretion).

■ The doctrine of law of the case applies only to questions of law. *Blance v. Alley,* 404 A.2d 587, 589 (Me.1979). We have stated:

The doctrine of the "law of the case" rests on the sound policy that in the interest of finality and intra-court comity a Superior Court justice should not, in subsequent proceedings involving the same case, overrule or reconsider the decision of another justice. Such a rule of practice promotes the orderly conduct of an action and discourages judge shopping. While based on important policy considerations, the law of the case is not as rigidly applied as the doctrine of *res judicata.* The rule does not serve as a complete bar to reconsideration of an issue when the prior ruling is provisional or lacks clarity, or the error is of such character that it should be corrected at trial.

*Grant v. City of Saco,* 436 A.2d 403, 405 (Me.1981) (citations omitted); *see also Sprague v. Washburn,* 447 A.2d at 787 ("[A]s a matter of practical judicial policy, a litigant may not, except for the most compelling reasons, reopen a question of law that another judge has already clearly decided in the same action."). Professors Wright, Miller and Cooper state that "the major grounds that justify reconsideration involve an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." 18 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 790 (1981).

At the 1986 hearing of the plaintiffs' motion for summary judgment, the defendants, while not moving for summary judgment, argued, *inter alia,* that the court, pursuant to M.R.Civ.P. 56, should enter partial summary judgment in their favor on the plaintiffs' section 1983 claim because of the defendants' immunity. In its December 3, 1986 decision, the trial court stated:

Here, officials of the DHS were aware of the existence of the [Uniform Child Cus-

tody Jurisdiction Act]; the [Child Family and Services Protection Act] and the [Parental Kidnapping Prevention Act] and allegedly acted in contravention to their directives by failing to give proper notice and failing to recognize the Kentucky custody decree. By failing to abide by the statutory requirements, Defendants are not immune from suit under the Civil Rights Act, 42 U.S.C. § 1983.

■■■ The court erred as a matter of law. Neither of the Maine Acts nor the Parental Kidnapping Prevention Act (PKPA) provides grounds for a cause of action under section 1983. Section 1983 creates a cause of action against public officials acting under state law who violate federal statutes or the United States Constitution. *See Thiboutot v. State*, 405 A.2d 230, 236 (Me.1979), *aff'd*, 448 U.S. 1, 100 S.Ct. 2502, 65 L.Ed.2d 555 (1980). "[A] violation of state law is not cognizable under § 1983." *Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir.1985) (citing *Davis v. Scherer*, 468 U.S. 183, 193–94, 104 S.Ct. 3012, 3018–19, 82 L.Ed.2d 139 (1984)); *see also Roy v. City of Augusta*, 712 F.2d 1517, 1523 (1st Cir.1983). The PKPA, although a federal statute, is directed at state courts and their enforcement of custody decrees rendered by other state courts. *See Congressional Findings and Declaration of Purposes for Parental Kidnapping Prevention Act of 1980*, Pub.L. No. 96–611, § 7(b), (c)(1), *reprinted in* 28 U.S.C.A. § 1738A (Supp.1989). The statute does not apply to social workers and thus does not secure any right to the plaintiffs as against the defendants. *See* 42 U.S.C. § 1983 (1982) (section 1983 creates cause of action to person against officials who deprive him of a right secured by Constitution or laws). Because the trial court's 1986 decision determining that the defendants' failure to abide by the requirements of the two Maine Acts and the PKPA deprived them of their claimed immunity was erroneous as a matter of law, it was an abuse of the court's discretion to hold that decision to be the law of the case and the ground for denying the defendants' motion for a summary judgment. *See Grant v. City of Saco*, 436 A.2d at 405. To the extent that the plaintiffs' claim rests on those three statutes, the defendants are entitled to a summary judgment.

The entry is:

Order denying the defendants' motion for summary judgment vacated.

Remanded to the Superior Court for further proceedings consistent with the opinion herein.

McKUSICK, C.J., and ROBERTS and COLLINS, JJ., concur.

CLIFFORD, Justice, with whom WATHEN, Justice, joins, concurring.

I agree with the court that the Superior Court's decision is appealable and that the Superior Court improperly relied on the doctrine of the law of the case in denying summary judgment. I would remand to the Superior Court, however, for the granting of summary judgment in favor of the defendants on all but one of the plaintiffs' claims.

Defendants, as social workers, are protected by, at the very least, a qualified immunity. *Myers v. Contra Costa County Dep't of Social Servs.*, 812 F.2d 1154, 1158 (9th Cir.1987), *cert. denied*, —— U.S. ——, 108 S.Ct. 98, 98 L.Ed.2d 59 (1987); *Malachowski v. City of Keene*, 787 F.2d 704, 713 (1st Cir.1986), *cert. denied*, 479 U.S. 828, 107 S.Ct. 107, 93 L.Ed.2d 56 (1986). Such qualified immunity protects them from suit under 42 U.S.C. § 1983 unless there is a bad faith violation of a "clearly established" right under the United States Constitution or a federal statute "of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818, 102 S.Ct. 2727, 2738, 73 L.Ed.2d 396 (1982).

After reviewing the record, I would conclude that all but one of the plaintiffs' claims do not as a matter of law form a basis for the defendants' liability under section 1983. First, the court has correctly determined that plaintiffs have not shown that the defendants have violated any federal statute. Second, although there may be a constitutional liberty interest in family integrity, it is far from absolute and not

free from state interference. These social worker defendants, who took action with regard to the Lord children and invoked the jurisdiction of the District Court to protect them, did not violate any "clearly established" constitutional family integrity right of plaintiffs in doing so. *Myers*, 812 F.2d at 1158. Lastly, based on the efforts made by the defendants, and the notice indisputably received by David Lord, I would conclude on this record that plaintiffs have not demonstrated any deprivation of a clearly established constitutional right arising from lack of notice to David Lord of the child protective proceedings in the Maine District Court.

On the present state of the record, the only issue that does not now merit a summary judgment in favor of the defendants is the plaintiffs' claim that the defendants may be held liable under the due process clause for failing to protect the children from alleged abuse in the homes of their foster parents and mother after custody was awarded to the Department of Human Services. *See DeShaney v. Winnebago County Dep't of Social Servs.*, —— U.S. ——, 109 S.Ct. 998, 103 L.Ed.2d 249 (1989). That claim may provide the basis of a recovery only if plaintiffs prove that the defendants acted in bad faith and that bad faith led to abuse so substantial that it can be labeled a violation of a clearly established right under the United States Constitution "of which a reasonable person would have known." *Harlow*, 457 U.S. at 818, 102 S.Ct. at 2738.