STATE OF MAINE
SAGADAHOC, ss.

MICHAEL LANGLEY and
GLORIA LANGLEY
                    Plaintiffs

                    v.

JOHN FRUMER and
ELIZABETH BARRETT, ET AL.,
                    Defendants.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. RE-02014
REC - Sf6 - 4/20

ORDER ON DEFENDANTS' MOTION FOR
JUDGMENT ON THE PLEADINGS AND
DEFENDANTS' MOTION FOR ATTORNEY'S
FEES AND COSTS

DONALD L ____
LAW ____

MAY 14 2003

Defendants' Motion for Judgment on the Pleadings and Motion for Attorney's Fees and Costs are before the court. Plaintiff's filed a Motion to Amend the Complaint and a Second Amended Complaint on April 7, 2003. The motion amends the allegations in Counts II-IV and adds Counts V and VI. The Motion to Amend was granted at hearing, without objection.

## FACTUAL BACKGROUND

On April 20, 2001, Michael Langley (Langley) purchased property located on Abbagadassett Road in Bowdoinham, which is a discontinued gravel road on which the Plaintiff and his mother Gloria Langley,[1] also a Plaintiff, own other parcels of land. Langley subsequently transferred the property to his sons in trust, with him serving as trustee. In his capacity as trustee for his two sons, Langley transferred the property to Defendants Frumer and Barrett on October 16, 2001, who also owned other property on Abbagadassett Road. Langley, as an individual, sold another parcel located on the same road to a third party on August 22, 2001.

_____

[1] The original Complaint named Gloria and Donald Langley as Plaintiffs for Count II (prescriptive easement). Donald is now deceased and has been deleted from the Second Amended Complaint. Donald Langley's death was the only ground for dismissal of Count II. Because the pleading has been amended, there is no need to further address Defendants' arguments as to Count II.

In July of 2001, Defendants filed a "Notice to Prevent Acquisition of Prescriptive Easement." Defendants also filed an "Easement in Gross" purporting to limit the Plaintiffs' easement rights to personal access rights, not running with the land, not alienable, and subject to revocation for overuse. Langley alleges that he and his predecessors in title have continuously used the road for personal use and for utility poles in a manner satisfying the requirements of a prescriptive easement. In the alternative, Langley alleges an implied or quasi-easement was created when he owned parcels on both sides of the road and subsequently sold them separately.

Langley also seeks reformation of the deed conveying the land to the Defendants. Langley, a high-school graduate with a psychiatric disability, did not believe that the deed conveyed to the Defendants would impact his access and utility service rights to his other land on the opposite side of the road. Langley relied on the Defendants' assurances, both of whom are attorneys in Massachusetts and long-time friends of the Plaintiffs, that the details would be worked out later. Furthermore, he did not understand the legal effect of "easement in gross" and "easement will go with the person," which were used in the purchase and sale agreement negotiated, without representation, by the parties. The Defendants' attorney drafted the deed.

Counts V (undue influence) and VI (Tortious Interference with Advantageous Relations) are new, have not yet been answered, and are not before the court on the present motion. Defendants seek Judgment on the Pleadings as to Counts I (Declaration of Prescriptive Easement), II (see supra note 1), III (Reformation of Deed), and IV (Implied/Quasi-easement). Defendants also seek immediate payment of attorney's fees and costs for the alleged breach of warranty.

## DISCUSSION

A motion for judgment on the pleadings is the functional equivalent of a motion to dismiss for failure to state a claim. Monopoly, Inc. v. Aldrich, 683 A.2d 506, 510

(Me.1996); 1 Field, McKusick & Wroth, <u>Maine Civil Practice</u> § 12.14 at 253 (2d ed. 1970). In reviewing a dismissal motion, the court assumes all factual allegations in the complaint are true, <u>Monopoly, Inc. v. Aldrich</u>, 683 A.2d at 510 (Me.1996), and views the complaint in the light most favorable to the plaintiffs to determine whether it alleges the elements of a cause of action or facts entitling plaintiffs to relief pursuant to some legal theory. <u>Id.</u>; <u>New Orleans Tanker Corp. v. Dep't of Transp.</u>, 1999 ME 67, ¶ 3, 728 A.2d at 674-75. The court may grant dismissal only when it appears beyond doubt that plaintiffs are entitled to no relief under any set of facts that may be proved in support of their claim. <u>Monopoly, Inc. v. Aldrich</u>, 683 A.2d at 510 (Me.1996).

1.     <u>Standing of Michael Langley</u>

The standing of Michael Langley is a threshold issue that must be addressed prior to consideration of the substantive attacks on his claims. As alleged in the Complaint, Langley transferred two parcels by warranty deed, one to his sons in trust and one to a third party, for which he may be individually liable if the transferees are not able to enjoy the easements that he conveyed in those transfers. This is sufficient to grant Langley standing as an individual.

2.     <u>Prescriptive Easement Claim</u>

Defendants contend that Count II contains only "perfunctory allegations" of prior use of the easement and does not allege facts sufficient to support a claim of a prescriptive easement. "Acquisition of title by adverse possession requires possession for a 20-year period that is actual, open, visible, notorious, hostile, under a claim of right, continuous, and exclusive." <u>Dowley v. Morency</u>, 1999 ME 137, ¶ 19, 737 A.2d 1061 (citations omitted). <u>See also</u> <u>Stickney v. City of Saco</u>, 2001 ME 69, ¶ 16, 770 A.2d 592 (same requirements for a public way by prescription). Langley alleged

> For more than twenty years, [he] and his predecessors-in-title have continuously used Abbagadassett Road over what Defendants Frumer and Barrett claim to be their land for ingress to and egress from the

> Plaintiff's property, and for utility service, under claim of right adverse to the true owners, with their knowledge and acquiescence, or used it so openly, notoriously, and visibly, without interruption, that knowledge and acquiescence may be presumed.

Second Amended Compl. ¶ 19 (unchanged from the [First] Amended Complaint). Taking the allegations as true and in a light most favorable to the Plaintiffs, the Defendants' Motion for Judgment as to Count I is DENIED because the Complaint adequately states a claim for a prescriptive easement.

3.    Reformation of Deed

Defendants also contend that the Plaintiffs have failed to allege a mutual mistake, which is critical to a successful reformation claim.[2] A mistake is mutual when the mistake is "reciprocal and common to both parties, where each alike labors under the misconception in respect to the terms of the written instrument." Poling v. Northup, 652 A.2d 1114, 1116 (Me. 1995). Cf. Lietz v. Berry, 543 A.2d 367, 368 (Me. 1988) (citing Blue Rock Industries v. Raymond Int'l, Inc., 325 A.2d 66, 77 n.7 (Me. 1974) (stating that unilateral mistake may be ground for rescission, but not reformation of contract).

The allegations in the Second Amended Complaint do not support a claim of mutual mistake. It is clear that Langley was mistaken as to how the conveyance affected his interests in the easement. It is not alleged that Defendants operated under any such mistake. Under these facts it is not apparent, even when viewing them in a light most favorable to the Plaintiffs, that there was a mistake common to both parties. See id. Therefore, Defendants' Motion for Judgment on the Pleadings is GRANTED as to Count III.[3]

---

[2] Plaintiffs' counsel conceded, at hearing, that mutual mistake may not have been sufficiently pleaded, but argued that the parties intended a different scope of easement, which is the equivalent to a mutual mistake. It is not the equivalent.

[3] At hearing, the parties agreed that if the claim for reformation does not survive the present motion, then the attendant factual allegations will be deemed general allegations for purposes of the remaining claims.

4.  Implied or Quasi-Easement Claim

Defendants also argue that because Langley failed to reserve an easement and because there is no strict necessity for such an easement, Count IV's claim of an implied easement fails. An implied easement may be "impliedly created in favor of the grantor of the servient estate" and may be created in two different ways. McGeechan v. Sherwood, 2000 ME 188, ¶ 57, 760 A.2d 1068, 1080; see also Sprague Corp. et al. v. Sprague, 855 F. Supp 423, 432 (D. Me. 1994) (holding that Maine law allows for implied easements in favor of the grantor of the conveyed property). One form of an implied easement may be created without any pre-existing use when access to the property conveyed requires trespass. Id.; see also McGeechan v. Sherwood, 2000 ME 188, 57, 760 A.2d at 1080 (reiterating that an easement over conveyed property may be impliedly created in favor of the grantor of the servient estate). This form is called a way of necessity. LeMay v. Anderson, 397 A.2d at 988 n.3. Creation of an easement by necessity does not depend on a pre-existing quasi-easement or the intent of the parties. Bowers v. Andrews, 557 A.2d 606, 609 (Me. 1989).

A second form of implied easement called a quasi-easement may arise when, "at the time of conveyance, existing use is made of the servient portion to the benefit of the dominant portion." Id. (finding an easement when it was reasonable to infer that the parties regarded the continuation of the use as so obvious that it would go without saying) quoting LeMay v. Anderson, 397 A.2d 984, 987 (Me. 1979). When determining the creation of quasi-easements, "the focus is properly upon the probable intent of the parties" at the time of transfer including their respective and mutual understanding(s), circumstances surrounding the transaction, and the necessity of the easement for the enjoyment of the dominant parcel. LeMay v. Anderson, 397 A.2d at 978-88.

The Complaint alleges facts to support a claim of an easement by necessity or, in the alternative, a quasi-easement for ingress, egress, and utility service over the road.[4] If either theory supports Plaintiff's cause of action, the Defendants' Motion for Judgment on the Pleadings must be denied. Napieralski v. Unity Church of Greater Portland, 2002 ME 108, ¶ 4, 802 A.2d 391 (holding dismissal inappropriate if the complaint sets forth elements of a cause of action or alleges facts that would entitle the plaintiff to relief pursuant to some legal theory.). Plaintiffs do not have any burden to produce evidence in opposition to a motion for judgment on the pleadings. In order to successfully oppose Defendants' Motion for Judgment on the Pleadings, Langley need only plead facts, which the Court must take as true, sufficient to support a claim for relief under some legal theory. Defendants' motion as to Count IV is DENIED.

5.      Motion for Attorney's Fees and Costs

Defendants contend that because the present suit is a breach of Langley's covenant under the warranty deed, he must now completely indemnify Defendants of all fees incurred in the present suit. The cases cited by Defendants in support of this argument are, in fact, much more limited. The century-old case law requires a judgment prior to an award of costs and only supports recovery for reasonable fees necessary to defend the suit. Hardy v. Nelson, 27 Me. 525, (1847) (holding that when a grantee has been evicted *by virtue of a judgment* recovered against him, the measure of damages is the value of the premises at the time of the eviction and the expenses reasonably and actually incurred in defending the action); Swett v. Patrick, 12 Me. 9, 10 (1835)(awarding only necessary costs after an eviction *by judgment of law*); Williamson v. Williamson, 71

---

[4] At the time of the 2001 conveyance to Defendants, Langley owned land further into and on both sides of the road, possibly supporting a way of necessity. Second Amended Compl. ¶¶ 62-63. Plaintiff also alleges that use for access and utility service to was apparent on the land and had been used in such a manner for over twenty years. Id. ¶¶ 62-64 (supporting a claim for quasi-easement).

Me. 442, 447 (1880) (where defendant refused to defend covenant and *judgment was for the plaintiff,* the expenses incurred by the plaintiff in defending it should be borne by the defendant). No cases cited by Defendants support the contention that Langley must completely indemnify Defendants prior to judgment. Defendants' Motion for Attorney's Fees and Costs is DENIED.

The entry is

Defendants' Motion for Judgment on the Pleadings is GRANTED as to Count III and DENIED as to all other Counts;
Motion for Attorney's Fees and Cost is DENIED;
Motion to Amend the Complaint is GRANTED.

Dated at Bath, Maine this 30th day of April, 2003.

Robert E. Crowley
Justice, Superior Court