STATE OF MAINE
CUMBERLAND, ss.

SUPERIOR COURT
CIVIL ACTION
DOCKET NO. CV-04-584

~?' - (Ụ̃ỹ̃ - 'ọ̃ ˀ̨(ɔ̃

JOSEPH TEDESCHI, ET AL,

             Plaintiffs

       v.

HELEN TRUMAN,

             Defendant

**ORDER**

STATE OF MAINE
Cumberland, ss, Clerk's Office
SUPERIOR COURT

OCT 1 9 2005

RECEIVED

This case comes before the Court on Defendant Helen Truman's Motion for Judgment on the Pleadings pursuant to M.R. Civ. P. 12(c).

## FACTUAL BACKGROUND

On July 2, 1996, Defendant Helen Truman (Defendant) granted Plaintiffs Joseph Tedeschi and Lillian Serrechia (Plaintiffs) a right of first refusal on Defendant's property located at 366 Pine Point Road in Scarborough, Maine. The right of first refusal came about after Plaintiffs purchased property located at 372 Pine Point Road from Nicolas Truman and Peter Truman. In the same transaction, Defendant reserved an easement over 372 Pine Point Road. In exchange for the burden of the easement over 372 Pine Point Road, the parties agreed that Plaintiffs would have a right of first refusal over Defendant's property. Notwithstanding this agreement, on September 23, 1998, without notifying Plaintiffs, Defendant deeded the property located at 366 Pine Point Road to Nicolas Truman.

Plaintiff's filed a complaint on September 17, 2004 seeking relief for breach of contract (Count I), specific performance (Count II), fraudulent conveyance (Count III), and tortious interference with contractual relations (Count IV). On

July 21, 2005, Defendant filed a motion for judgment on the pleadings based on the assertion that the right of first refusal violates the rule against perpetuities.

## DISCUSSION

A motion for judgment on the pleadings pursuant to M.R. Civ. P. 12(c) examines only the legal sufficiency of the complaint. *Monopoly, Inc. v. Aldrich*, 683 A.2d 506, 510 (Me. 1996). "A complaint is not dismissed for insufficiency of the claim unless it appears to a certainty that under no facts that could be proved in support of the claim is the plaintiff entitled to relief. *Id*. Defendant argues that because the "Binding Effect" clause in the right of first refusal "binds the heirs, executors, administrators, successors and assigns of Grantor and Grantee," the agreement on its face runs afoul of the rule against perpetuities.

"The purpose of the rule against perpetuities is to prevent the tying up of property to the detriment of society." *Low v. Spellman*, 629 A.2d 57, 59 (Me. 1990). A right of first refusal that intends to apply to all the heirs and assigns of the original parties to the contract runs afoul of the rule against perpetuity. *Low v. Spellman*, 629 A.2d 57, 59 (Me. 1990).

> The rule against perpetuities is not a rule of construction, but a peremptory command of the law. It is not, like a rule of construction, a test, more or less artificial, to determine intention. Therefore, every provision in a will or settlement is to be construed as if the rule did not exist, and then to the provision so construed[,] the rule is to be remorselessly applied.

*White v. Fleet Bank*, 1999 ME 148, ¶¶ 10-11, 739 A.2d 373, 377.[1]

The task before the Court is to examine the right of first refusal together with paragraph ten, the binding effect clause. At the outset, the right of first

---

[1] "Maine follows the traditional common law rule against perpetuities that, no interest is good unless it must vest, if at all, not later than twenty-one years after some life in being at the creation of the interest."

2

refusal states that Helen Truman, grantor; Lillian Serracchia, and Joseph Tedeschi, grantees, covenant and agree that Helen Truman may not sell, transfer, alienate, or assign her property voluntarily or involuntarily without first offering it to Plaintiffs. The binding effect clause states that "[t]he rights, terms and conditions of this right of first refusal shall apply to and bind the heirs, executors, administrators, successors and assigns of the Grantor and Grantee."

Defendant interprets the binding effect clause to mean that the heirs, executors, administrators, successors and assigns share the same rights as Plaintiffs and Defendant, thus creating a perpetual restrain on alienation. In support of this interpretation, Defendant cites *Low v. Spellman*. Similar to the agreement in *Low*, Defendant asserts that this agreement applies to all the heirs and assigns of the original parties to the contract. In *Low*, the right of first refusal stated as follows:

> That Elizabeth M. Towle covenants and *agrees for herself, her heirs and assigns,* and her husband J. Frank Towle further covenants and agrees for himself, his heirs and assigns, that in the event that they or either of them should desire to sell and convey the above described real estate, that they shall first offer to sell and convey the same to the Gradys, their heirs or assigns, for the sum of $ 6500.00, plus the cost of any capital improvements made on said premises by Elizabeth M. Towle, J. Frank Towle and their heirs and assigns.

*Low v. Spellman*, 629 A.2d 57 (Me. 1993) (emphasis added).[2]

Plaintiffs, on the other hand, contend that the binding effect clause does not redefine the terms "grantor" and "grantee," but rather clarifies that the heirs, executors, administrators, successors and assigns are bound by the agreement. Plaintiffs further explain that this clause is important to make clear that the

---

[2] The Court also held that a fixed price violates the rule against perpetuities.

grantor's obligations under the agreement cannot be avoided by her heirs, executor's, administrators, successors and assigns.

The Court agrees with Plaintiffs interpretation. The right of first refusal in *Low* explicitly stated that the grantors, Mr. and Mrs. Towle, made the agreement in their names and in the names of their heirs and assigns. Thus, in holding the same rights as the grantors, the heirs and assigns essentially became grantors themselves. Here, the agreement is clear that Defendant is the sole grantor and Plaintiffs are the sole grantees.[3] A reasonable reading of the binding effect clause is that it gives notice to the heirs, executor's, administrators, successors and assigns that any property transferred to them, voluntarily or involuntarily, is first subject to the Plaintiff's right of first refusal.

In reading the entire document, it is clear that in the event of Defendant's death, or the transfer of the property to someone else, Plaintiffs' rights to purchase the property would vest. At that point there would be no restraint on alienation because Plaintiffs would have the option to purchase the property. Likewise, there would be no restrain on alienation if they did not exercise their rights to purchase the property. The property would merely pass on as directed by the Grantor or via intestacy.

The Defendant's Motion for Judgment on the Pleadings is DENIED.

DATE: _October 14, 2005_

_____
Justice/Superior Court

---

[3] The opening paragraph of the document states as follows: For good and valuable consideration received, including the mutual promises and agreements contained herein, Helen Truman a/k/a Helen Throumoulos ("Grantor") and Lillian Serrecchia and Joseph Tedeschi (collectively "Grantees"), hereby covenant and agree as follows:

4

OF COURTS
erland County
). Box 287
laine 04112-0287

NICHOLAS SCACCIA ESQ
PO BOX 929
SANFORD ME 04073

OF COURTS
erland County
). Box 287
laine 04112-0287

GREGORY HANSEL ESQ
PO BOX 9546
PORTLAND ME 04112

STATE OF MAINE                                          SUPERIOR COURT
CUMBERLAND, ss.                                         CIVIL ACTION
                                                        DOCKET NO. CV-04-584

                                                        RAC-CUM-1/27/06

JOSEPH TEDESCHI, ET AL., SUP

                    Plaintiffs      *

        v.                                              ORDER

                    RECEIVED        *

HELEN TRUMAN,                       *
                                    *
                    Defendant       *
                                    *


        This case comes before the Court on Defendant Helen Truman's Motion to

Amend its Order denying Defendant's Motion for Judgment on the Pleadings

dated October 19, 2005.

        Defendant takes issue with the Court's recitation of the facts of the case.

Specifically, Defendant argues that rather than stating the facts as alleged in the

complaint, the Court should clarify that the facts alleged in the complaint are

mere allegations. The Court agrees with Defendant in that the facts section of the

October 19, 2005, Order are mere allegations. However, a motion for judgment

on the pleadings pursuant to M.R. Civ. P. 12(c) examines only the legal

sufficiency of the complaint. *Monopoly, Inc. v. Aldrich*, 683 A.2d 506, 510 (Me.

1996). Accordingly, for purposes of a motion for judgment on the pleadings, the

Court takes the allegations of the complaint as true.

        The entry is as follows:

        The Motion to Amend the Order is DENIED.

DATE: _____January 27, 2006_____

                                        _____
                                        Roland A. Cole
                                        Justice, Superior Court

NICHOLAS  SCACCIA  ESQ
PO BOX  929
SANFORD  ME  04073

GREGORY  HANSEL  ESQ
PO BOX  9546
PORTLAND  ME  04112