## LINWOOD CAFFINNI *vs.* GEORGE E. HERMANN.

## Cumberland.    Opinion October 22, 1914.

*Arrest.   Assault and Battery.    Exceptions.    Intoxicating Liquors.    Motion. Search and Seizure.    Warrant.*

1. The law is well settled in this State that even an officer may not arrest without a warrant for a misdemeanor, on information or suspicion, unless it was actually committed in his presence.
2. Intoxicating liquor may be seized without warrant under the provisions of R. S., Chap. 29, Sec. 48, but this section does not empower the officer to search without a warrant.
3. Evidence to prove trouble, which enforcement officers had previously suffered on account of illegal transportation of intoxicating liquor in hand bags and suit cases, is not admissible to show justification of an assault by an officer upon one whom he suspects may be thus illegally transporting such liquors; nor, to justify such assault, may evidence be introduced to show that the officer had made previous seizures of such liquors while being thus transported.
4. When correct instructions are given as to the rules governing actual and exemplary damages, the finding of a jury upon this question will not be disturbed unless manifestly wrong.

On motion and exceptions by defendant.   Motion and exceptions overruled.

This is an action of trespass for an assault and battery.   The defendant was a deputy sheriff, and in attempting to take a suit case from the plaintiff and in taking him into custody, committed the assault complained of.   The defendant plead the general issue and filed a brief statement of special matters of defense, alleging that he

was a duly qualified deputy sheriff in and for Cumberland County and was in the performance of his official duties as deputy sheriff, and acts committed by him as alleged were justified by this fact. The defendant excepted to refusal of the presiding Justice to give certain requested instructions, which are specifically considered in the opinion. The jury returned a verdict for the plaintiff of $200, and the defendant filed a general motion for a new trial.

The case is stated in the opinion.

*Charles G. Keene, Jacob H. Berman, Bernard A. Bove,* for plaintiff.
*Hinckley & Hinckley,* for defendant.

SITTING: SAVAGE, C. J., CORNISH, BIRD, HALEY, HANSON, PHILBROOK, JJ.

PHILBROOK, J.    Action to recover damages for assault and battery, in which the plaintiff recovered a verdict of $200.00.    The defendant presents exceptions and the customary motion to have the verdict set aside and new trial ordered.

The plaintiff is an Italian who had been in this country four or five years, employed as a laborer, and had acquired only a limited knowledge of our language.    On the 16th of August, 1913, he took an electric car at Old Orchard about 8.45 in the evening and came to Portland, bringing in his hand a dress suit case containing his wearing apparel.    He arrived in Portland about quarter past ten and, according to his testimony, soon after leaving the car he was accosted by the defendant, who, although a deputy sheriff, was not in uniform, and who seized the plaintiff's suit case, attempting to take it from him. The plaintiff testified that he thought it was an attempt to steal his suit case and refused to give it up.    After some struggle he says the defendant struck him on the hand four or five times with an instrument which proved to be a black-jack.    He says that he was then seized by the defendant and another person and that they started with him for the police station.    Thereupon, an officer in uniform appeared and told the plaintiff that the persons who had seized him wanted to see what he had in his suit case and then, the plaintiff says, he dropped his suit case and when the defendant could not open it the plaintiff opened it and allowed it to be searched, nothing contraband being found.    The plaintiff was then permitted to go his way and carry the suit case with him.

The defendant says that he was a deputy sheriff especially charged with the duty of enforcing the law prohibiting the illegal manufacture, transportation and sale of intoxicating liquor. He says that the officers had been having trouble with offenders who brought liquors to Portland in suit cases and hand bags and, on the evening in question, was with his superior officer, the sheriff of the county, on Federal Street when the plaintiff left the car. He says that either he or the sheriff remarked "that fellow looks as if he had quite a heavy case," and that presently the sheriff said to the defendant "go get him." He says he stepped up to the plaintiff and asked permission to look at the suit case which was refused. He further says that the plaintiff struck at him with an umbrella and that he then said "Don't do that, because I am an officer; all I want to see is what you have got in that dress-suit case," at the same time throwing back his coat and displaying his official badge. Neither the defendant nor the sheriff had any warrant authorizing the arrest of the plaintiff or any precept authorizing any search of the person of the plaintiff. Although the defendant seeks to justify his conduct on the ground that he was an officer making a legal arrest and using no more force than was necessary, the law is well settled that even an officer may not arrest for a misdemeanor without a warrant on information or suspicion, unless the misdemeanor was actually committed in his presence, *Palmer* v. *Maine Central Railroad Co.*, 92 Maine, 399. Under the circumstances of this case the arrest was not justifiable even if excessive force had not been used, and it seems plain that such force was used. The presiding Judge was correct in ordering a verdict for the plaintiff.

Testimony was offered by defendant and excluded, relative to trouble which the enforcement officers had been having with those who violated the law by illegally transporting liquor in suit cases and hand bags, but as there was no attempt to connect such acts with this plaintiff there was no error in the ruling. The same was true relative to offered evidence that the officers had made previous seizures of liquor illegally transported in the way just referred to.

The defendant presented three requests for instructions, all of which the presiding Judge refused to give except as they were given in the charge. They were as follows:

"One: If you believe from all the evidence that the circumstances were such as would have caused an ordinarily prudent officer in the exercise of his official duties to believe that the plaintiff had in his

dress suit case intoxicating liquor for unlawful purposes, then the officer would be justified in making a search of the dress suit-case and using whatever force would be reasonably necessary to accomplish this purpose.''

"Two: If you are satisfied that was not a malice on the part of the defendant, who, if he committed the acts, believing he was doing his duty, then the plaintiff could not recover punitive damages, but could recover only the actual damages to himself.''

"Three: If the plaintiff for the purpose of misleading the defendant, deliberately created circumstances to arouse the suspicion of the defendant, who was an officer of the law, having in mind at the time and intending thereby to get the officer into trouble, and the officer by these acts was misled and became suspicious that a crime or offense was being committed or had been committed by the plaintiff, and under these circumstances, committed the acts alleged, then the plaintiff could not recover, because he himself would be to blame.''

As to the first request it is only necessary to call attention to the fact that the statute authorizes an officer to ''seize'' intoxicating liquors illegally kept, without a warrant, but not to ''search'' without such precept.

As to the second, the entire point was covered in the charge, and as to the third it is only necessary to say that it does not contain a correct statement of law.

Finally, as to damages. Correct instructions were given both as to actual and exemplary damages and from the evidence and the instructions we think the verdict of the jury was not so manifestly wrong as to require us to interfere.

*Motion and exceptions overruled.*