Neil D. MacKERRON

v.

Peter MADURA.

Supreme Judicial Court of Maine.

Argued March 8, 1984.

Decided March 30, 1984.

Neil D. MacKerron, pro se (orally).

Bernstein, Shur, Sawyer & Nelson, Christopher L. Vaniotis (orally), Portland, for defendant.

Before McKUSICK, C.J., and ROBERTS, VIOLETTE, WATHEN, GLASSMAN and SCOLNIK, JJ.

WATHEN, Justice.

Plaintiff Neil D. MacKerron appeals from an order of the Superior Court (Cumberland County) granting defendant's motion for summary judgment. The Superior Court ruled that the defendant police officer is immune from civil liability by virtue of the Maine Tort Claims Act, 14 M.R.S.A. § 8111(1)(C) (1980). Plaintiff argues on appeal that the Superior Court erred in finding no genuine issue as to any material fact and, alternatively, that the court misinterpreted the immunity provision of section 8111(1)(C). We conclude that the Superior Court erred in holding that governmental employees are immune from liability for their intentional torts and therefore we sustain the appeal.

The underlying facts are set forth in our prior opinion, *MacKerron v. Madura*, 445 A.2d 680 (Me.1982). We held previously that the complaint filed by plaintiff, an attorney in Bridgton, stated a cause of action against defendant, a Bridgton police officer, for tortious interference with an economic relationship. On remand defendant moved for summary judgment, arguing that his allegedly tortious conduct occurred during the performance of a "discretionary" police function for which the Maine Tort Claims Act provides immunity.

The facts at issue for purposes of the motion were those developed in depositions. Plaintiff's alleged client, Leslie Mercer, testified at his deposition that defendant told him if he were not represented by a lawyer,

defendant would put in a good word for him before the judge and would speak to the district attorney about dropping an OUI charge. According to the client, defendant further stated that if he were represented by plaintiff, there would be nothing defendant could do for him. Defendant's deposition testimony regarding this conversation is essentially the same. We agree with the Superior Court that there is no genuine issue as to any facts material to the affirmative defense of immunity, and that the only question is whether defendant is immune as a matter of law under section 8111(1)(C).

 The Maine Tort Claims Act speaks directly to negligence and limits recovery against an employee in those instances where the State is immune from liability, by providing that the State employee shall be personally liable for his *negligent* acts, or omissions, but only to a limit of $10,000.00, "[e]xcept as otherwise expressly provided by section 8111 or by any other statute." 14 M.R.S.A. § 8103(3) (1980). Defendant argues that the "discretionary function" exception under section 8111(1)(C)[1] grants him immunity from liability for intentional interference with an economic relationship. The term "discretionary function" is derived from the common law immunity afforded a governmental entity and public officers in their discretionary functions. *Compare* 14 M.R.S.A. § 8111 *with* Restatement (Second) of Torts § 895D (1979). Prior to the Tort Claims Act, police officers in Maine were held liable for their intentional torts committed in the course of employment. *See, e.g., Bale v. Ryder*, 290 A.2d 359 (Me.1972) (action against policeman for false arrest and assault and battery); *Caffini v. Hermann*, 112 Me. 282, 91 A. 1009 (1914) (action against policeman for assault and battery in using excessive force during arrest). No immunity is afforded by section 8111(1)(C)

to a municipal police officer who intentionally interferes with an economic relationship by "threats that he would not seek to have the complaint against Mercer dismissed if plaintiff continued to represent Mercer." Section 8111(1)(C) may protect the good faith but negligent exercise of a police officer's judgment in the performance of his public duties but it does not shield him from liability for intentionally imposing harm on another party. *See*, Restatement (Second) of Torts § 895D comment e (1979).

The entry shall be:

Judgment vacated.

Remanded for entry of an order granting judgment in favor of plaintiff on the affirmative defense of immunity and for further proceedings consistent with the opinion herein.

All concurring.

---

1. The relevant portion of the statute reads as follows:

    *C.* The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused; and

whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under which the discretionary function or duty is performed is valid.