### Robert POLLEY and Ada Polley

### v.

### Lucille ATWELL.

Supreme Judicial Court of Maine.

Argued Sept. 17, 1990.
Decided October 17, 1990.

Peggy B. Gilbert, Martha S. Temple (orally), Gilbert & Heitmann, Bangor, for plaintiffs.

Christopher E. Leighton (orally), Asst. Atty. Gen., Dept. of Human Services, Augusta, for defendant.

Before McKUSICK, C.J., and ROBERTS, WATHEN, GLASSMAN, CLIFFORD, COLLINS and BRODY, JJ.

GLASSMAN, Justice.

The defendant, Lucille Atwell, appeals from the order of the Superior Court (Penobscot County, *Browne, A.R.J.*), denying her motion for a summary judgment based on the ground that the Maine Tort Claims Act ("the Act"), 14 M.R.S.A. §§ 8101–8118 (1981 & Supp.1989), afforded her discretionary function immunity from all counts alleged in the action for damages brought against her by the plaintiffs, Robert and Ada Polley. We hold that the Act afforded Atwell the claimed immunity and accordingly modify the judgment.

At the time Atwell, a substitute care caseworker for the Department of Human Services (DHS), was assigned to Leona R.'s case in May 1985, Leona, then age fifteen, had recently been placed in a foster home. Sometime thereafter, while residing at this foster home, Leona made certain allegations of sexual abuse involving a family friend. Although Leona later recanted the charges, the foster parents requested that Atwell remove Leona from their home. Several months later, Atwell called Ada Polley, who had recently acquired a foster home license from DHS, to discuss the possibility of placing Leona in the Polley home. Although that conversation is the focus of the current suit, neither party disputes the substance of the ensuing representations made by Atwell. Although Atwell disclosed to Ada certain personal details about Leona, she did not mention the specific allegations made by Leona against the family friend while she was living with her former foster parents. Shortly after accepting the placement, Ada learned about Leona's prior accusations and promptly confronted Atwell. Atwell acknowledged that Leona had made such allegations and explained that, because of the uncertainty surrounding the incident, she had determined not to disclose them to Ada. The Polleys then discussed the situation and decided to continue the foster par-

ent arrangement, while taking certain precautions to prevent similar accusations by Leona against them. Shortly thereafter, Leona accused Robert Polley of making improper sexual advances toward her and then left the Polley home. The DHS investigation of the incident resulted in inconclusive findings.

The Polleys filed suit in the Superior Court against Atwell seeking damages for the claimed injuries sustained by them and their minor child as a result of Atwell's alleged breach of contract, negligence, and fraud and deceit.[1] Atwell filed a motion for a summary judgment, claiming her entitlement to discretionary function immunity under the Maine Tort Claims Act and specifically under 14 M.R.S.A. § 8111(1)(C).[2] In opposing the motion, the Polleys contended that Atwell deliberately withheld information in order to find Leona a foster home, that the immunity afforded by the Act is inapplicable in cases where an intentional tort is alleged, and that the issue of whether Atwell's acts were intentional or discretionary was a question to be determined by a fact finder and not in a summary judgment proceeding. After a hearing, the trial court, by its amended order, denied Atwell's motion as to the fraud and deceit count in the complaint on the ground that, as to this count, there existed a question of fact for a jury's resolution, but granted the motion as to the remaining counts of the complaint. Atwell appeals contending that the court erred in denying her motion for a summary judgment on the fraud and deceit count.

We first must determine whether the trial court's denial of a motion for a summary judgment can be immediately appealed under the "collateral order" exception to the final judgment rule. *See General Electric Credit Corp. v. Smith*, 230 A.2d 414, 414 (Me.1967) (denial of summary judgment generally interlocutory, not final). This exception requires that the appealed order involve "a claim separable from and collateral to the gravamen of the lawsuit," present "a major and unsettled question of law," and threaten an "irreparable loss of the rights claimed in the absence of immediate review." *Moshe Myerowitz, D.C., P.A. v. Howard, D.C.*, 507 A.2d 578, 580 (Me.1986).

We have previously recognized that immunity is an issue distinct from liability. Further, the applicability of immunity is a significant question of law, the determination of which is often dispositive of the case. *See, e.g., Darling v. Augusta Mental Health Institute*, 535 A.2d 421, 426 (Me.1987). Finally, because immunity is an "entitlement of 'an *immunity from suit* rather than a mere defense to liability [and] is effectively lost if a case is erroneously permitted to go to trial,'" *Lord v. Murphy*, 561 A.2d 1013, 1015 (Me.1989) (quoting *Mitchell v. Forsyth*, 472 U.S. 511, 526, 105 S.Ct. 2806, 2815, 86 L.Ed.2d 411 (1985)), Atwell may suffer irreparable loss if she is forced to proceed to trial on the fraud and deceit count of the complaint.[3] According-

---

1. The Department of Human Services and its Commissioner were also named as defendants in this action but the trial court dismissed all counts against them based on the general immunity afforded governmental entities under the Maine Tort Claims Act.

2. Section 8111, as it existed at the time of Atwell's representations, provided in pertinent part:

> 1. **Immunity.** Employees of governmental entities shall be personally immune from civil liability for the following:
>
> ....
>
> C. The performance or failure to exercise or perform a discretionary function or duty, whether or not the discretion is abused; and whether or not the statute, charter, ordinance, order, resolution, regulation or resolve under

which the discretionary function or duty is performed is valid....

3. Although *Lord v. Murphy* specifically addressed the doctrine of *common law* immunity, we have held that the discretionary immunity afforded by 14 M.R.S.A. § 8111(1)(C) is *derived from* common law immunity. *MacKerron v. Madura*, 474 A.2d 166, 167 (Me.1984). The Polleys argue that Atwell's reliance on *Lord* is misplaced because the decision did not rest on the immunity issue. Although the holding ultimately rested on the fact that the state statutes allegedly violated provided no grounds for any cause of action under 42 U.S.C. § 1983, the nature of immunity was dispositive of the issue of whether an immediate appeal could be maintained. *Lord v. Murphy*, 561 A.2d at 1015–16.

ly, we hold that all three elements for the "collateral order" exception to the final judgment rule are satisfied and therefore address Atwell's contention that the trial court erred in its denial of a summary judgment on the fraud and deceit count.

■ A summary judgment must be granted if the record discloses that there is no genuine issue of material fact and that any party is entitled to a judgment as a matter of law. M.R.Civ.P. 56(c); *see Saltonstall v. Cumming*, 538 A.2d 289, 290 (Me.1988). As we have already noted, neither Atwell nor the Polleys dispute the factual issues relating to the substance of Atwell's representations to Ada. In the absence of such factual contradiction, summary judgment is "intended to permit *prompt disposition* of cases in which the dispute is solely dependent on the resolution of an issue of law," *Tisei v. Town of Ogunquit*, 491 A.2d 564, 568 (Me.1985), and entitlement to discretionary immunity is such an issue of law. *See, e.g., MacKerron v. Madura*, 474 A.2d 166, 167 (Me.1984).

■ In *Darling v. Augusta Mental Health Institute*, 535 A.2d 421, 426 (Me. 1987), we quoted with approval the four factors set forth in *Trianon Park Condominium Assoc. v. City of Hialeah*, 468 So.2d 912, 918 (Fla.1985) (quoting *Evangelical United Brethren Church of Adna v. State*, 67 Wash.2d 246, 255, 407 P.2d 440, 445 (1965)), for consideration in determining whether the governmental action at issue constituted a discretionary function: (1) Does the challenged act, omission, or decision necessarily involve a basic governmental policy, program or objective? (2) Is the questioned act, omission, or decision essential to the realization or accomplishment of that policy, program, or objective as opposed to one which would not change the course or direction of the policy, program, or objective? (3) Does the act, omission, or decision re-

quire the exercise of basic policy evaluation, judgment, and expertise on the part of the governmental agency involved? (4) Does the governmental agency involved possess the requisite constitutional, statutory, or lawful authority and duty to do or make the challenged act, omission, or decision?

Our review of this record in light of these considerations satisfies us that Atwell's conduct of which the Polleys complain falls within the protection of 14 M.R.S.A. § 8111(1)(C) and entitles Atwell to immunity. We first note that the fundamental governmental policy of confidentiality afforded to DHS records is clearly enunciated in the Child and Family Service and Child Protection Act, 22 M.R.S.A. § 4008 (Supp. 1989).[4] The Legislature reasonably could have determined that maximum confidentiality and flexibility would best be maintained through the exercise of discretion by those persons dealing with this sensitive information on a daily basis. Section 4008 explicitly entrusts to the judgment of DHS employees what information, if any, should be disclosed in discharging their responsibility to place children in suitable foster homes pursuant to 22 M.R.S.A. §§ 4003, 4004 (1981 & Supp.1989).

The Polleys misread our decision in *MacKerron v. Madura*, 474 A.2d 166 (Me. 1984). Contrary to their contention, *MacKerron* does not stand for the proposition that discretionary immunity is unavailable in any case in which the plaintiff alleges an intentional tort, rather than a negligent act or omission. In *MacKerron*, a police officer had intentionally interfered with the relationship between an attorney and client. We determined in those circumstances, the officer was not entitled to discretionary immunity. *Id.* at 167. Our focus on the "intentional" nature of the conduct was illustrative, not definitive. The rationale of the decision was not grounded

---

**4.** Section 4008 provides in pertinent part:
  **1. Confidentiality of records.** All department records which contain personally identifying information and are created or obtained in connection with the department's child protective activities and activities related to a child while in the care or custody of the

department are confidential and subject to release only under the conditions of subsections 2 and 3....
Neither subsection 2 nor 3 requires disclosure of relevant information to foster parents; on the contrary, such disclosure is explicitly optional.

on the plaintiff's allegation of an intentional tort, but rather, on the fact that the defendant's egregious conduct clearly exceeded, as a matter of law, the *scope* of any discretion he could have possessed in his official capacity as a police officer and therefore was not encompassed within the immunity provision of 14 M.R.S.A. § 8111(1)(C). *Id.; see also Miller v. Szelenyi,* 546 A.2d 1013, 1021–22 (Me.1988) (no evidence medical personnel acted outside scope of employment); *Darling,* 535 A.2d at 425 (immunity applies only to government employees whose conduct is "within the scope of their employment").

Because Atwell's conduct falls within the protection of 14 M.R.S.A. § 8111(1)(C), the court erred in not granting Atwell's motion for a summary judgment on all the counts of the Polleys' complaint.

The entry is:

Judgment modified to reflect a summary judgment for the defendant, Lucille Atwell, on all counts of the complaint; and, as modified, affirmed.

All concurring.