**Marguerite MORSE,**

v.

**LAVERDIERE'S SUPER DRUG STORE,**

**Mary FEENEY,**

v.

**SACO & BIDDEFORD SAVINGS INSTITUTION et al.**

Supreme Judicial Court of Maine.

Argued June 21, 1994.

Decided Aug. 1, 1994.

Barbara J. Petitti, Smith Elliott Smith & Garmey, P.A., Saco, for Marguerite Morse.

R. Michael Martin, Hobbins & Martin, Saco, for employee.

Ralph L. Tucker (orally), McTeague, Higbee, Libner, Macadam, Case & Watson, Topsham, amicus curiae for AFL–CIO.

Michael Richards (orally), Richardson & Troubh, Portland, for Laverdiere's.

Elizabeth P. Eddy (orally), Joseph M. Hochadel, Monaghan, Leahy, Hochadel & Libby, Portland, for employer.

Before WATHEN, C.J., and ROBERTS, GLASSMAN, CLIFFORD, RUDMAN and LIPEZ, JJ.

CLIFFORD, Justice.

Both cases in this consolidated appeal involve the determination of whether the employees sustained their burden of proving that their unexplained injuries "arose out of" employment as required by the Workers' Compensation Act. *See* 39 M.R.S.A. § 51(1) (1989), *repealed and replaced by* P.L.1991,

ch. 885, § A–7 (effective January 1, 1993), *codified as* 39–A M.R.S.A. § 201 (Supp. 1993).[1] In the first consolidated case, the employee, Marguerite Morse, appeals from a decision of the Workers' Compensation Board denying her petition for award. In the second case, the employer, Saco & Biddeford Savings, appeals from a decision of the Workers' Compensation Commission Appellate Division reversing the denial of the employee's petition for award. We affirm the decision of the Board in *Morse* and vacate the decision of the Appellate Division in *Feeney*.

## I. *Morse v. Laverdiere's Super Drug Store*

Marguerite Morse injured her knee while walking on a public street or sidewalk, on an errand for her employer to make a delivery to a bank. Morse filed a petition for award in 1992, which the Board denied in 1993. The Board found that the injury occurred "in the course of" the employment because it occurred while "she was performing a task off the employer's premises at the direction of the employer." Noting that Morse gave conflicting accounts of the incident and failed to prove the specific cause of the injury, the hearing officer concluded that the injury did not "arise out of" her employment. Morse did not file a motion for findings of fact and conclusions of law.

In *Comeau v. Maine Coastal Servs.*, 449 A.2d 362, 367 (Me.1982), we articulated some factors that aid in the analysis of whether an injury "aris[es] out of and in the course of employment."[2] The purpose of the *Comeau* analysis is to separate "those losses which can properly be said to be a consequence of industrial activity" from "those losses which are a consequence of life in general." *Comeau*, 449 A.2d at 366.

Morse contends that the hearing officer did not apply the *Comeau* standard but rath-

er improperly relied on the so-called "increased risk" rule, which requires the employee to show that the injury was caused by a work-related risk that exceeds that which the employee would encounter in normal, non-employment life. *See* 1 A. Larson, *The Law of Workmen's Compensation*, § 6.30 (1994). Morse contends that, to the extent that we have recognized such a rule, it has been limited to cases in which the employee suffers from a pre-existing condition and therefore "bears with him some 'personal' element of risk." *Bryant v. Masters Machine Co.*, 444 A.2d 329, 337 (Me.1982). Since the hearing officer in this case expressly found that Morse suffered from no preexisting condition that contributed to her incapacity, Morse contends that the *Bryant* rule does not apply. We are unpersuaded by Morse's contentions.

Because Morse did not file a motion for findings of fact and conclusions of law, we will treat the hearing officer " 'as having made whatever factual determinations could, in accordance with correct legal concepts, support his ultimate decision, and we inquire whether on the evidence such factual determinations must be held clearly erroneous.' " *Gallant v. Boise Cascade Paper Group*, 427 A.2d 976, 977 (Me.1981) (quoting *Gorrie v. Elliott Jordan & Son*, 408 A.2d 1008, 1011 (Me.1979)). While the decision of the Board contains some language that is similar to the language used in *Bryant*, read as a whole it is consistent with *Comeau*. The "arising out of" standard requires that " 'there must be some causal connection between the conditions under which the employee worked and the injury which arose, or that the injury, in some proximate way, had its origin, its source, its cause in the employment.' " *Comeau*, 449 A.2d at 365 (quoting *Barrett v. Herbert Eng'g, Inc.*, 371 A.2d 633, 636 (Me. 1977)). The hearing officer in this case concluded that, because Morse could not explain the cause of her injury, she failed to meet

---

1. Because both matters on appeal involve proceedings that were pending on the effective date of Title 39–A, the issues are governed exclusively by former Title 39. *Riley v. Bath Iron Works Corp.*, 639 A.2d 626, 627–29 (Me.1994).

2. The factors in *Comeau* are illustrative only and are not intended to provide a "dispositive check-

list" of circumstances relevant to the work connection analysis, *Comeau*, 449 A.2d at 367, but they provide "a good starting point for analyzing whether the employee's actions were work related." *Somes v. Flint Logging*, 635 A.2d 941, 942 (Me.1993).

her burden to show "that a causal connection existed between her injury and her work activity (walking)." Given the deference required by *Comeau* and the failure of the employee to request findings of fact and conclusions of law, we cannot conclude that the opposite decision was compelled by the evidence in the record.

## II. *Mary Feeney v. Saco & Biddeford Savings Institution, et al.*

 In the second consolidated case, the employee, Mary Feeney, broke her wrist after leaving work as a result of a fall on a gravel parking lot, leased to and maintained by her employer, Saco & Biddeford Savings. Feeney filed a petition for award in 1990, seeking closed-end total incapacity benefits. The Commissioner denied her petition in 1991, noting that Feeney failed to explain the cause of her fall. Relying on *Comeau*, the Commissioner ruled that, although the injury occurred "in the course of employment," the employee failed to prove that the injury "arose out of" the employment. The Appellate Division reversed this decision, holding that, pursuant to the so-called "positional risk" doctrine, an unexplained fall is compensable when "but for" the employment, the employee would not have been in the location where the fall occurred.

Saco & Biddeford Savings contends that it was error for the Appellate Division to rule that an employee who experiences an unexplained fall in the course of employment is entitled to a presumption that the fall also arose out of the employment. We agree. Such an inference exaggerates the importance of the "in the course of" requirement and eliminates altogether the "arising out of" requirement. The "arising out of" language in section 51(1) is not mere surplusage. *See Labbe v. Nissen Corp.*, 404 A.2d 564, 567 (Me.1979) (statutes are not construed to contain surplusage or superfluous language). As we noted in *Comeau*, the purpose of the Act is to compensate employees for injuries that occur "*while* and *because* they were at work." 449 A.2d at 366 (citations omitted). Feeney must therefore bear the burden of proving both elements of the work-causation test. While the failure to provide an explanation for an injury will not automatically preclude the employee from meeting her burden of proof, the Commissioner did not err in concluding that Feeney failed to meet her burden pursuant to the multi-factored *Comeau* analysis. As we noted in *Comeau*, the Board need not reach the "correct" conclusion, but a conclusion that is " 'neither arbitrary nor without rational foundation.' " *Comeau*, 449 A.2d at 368 (quoting *Hall v. State*, 441 A.2d 1019, 1921 (Me.1982)).

The entry is:

Decision in *Morse v. Laverdiere's Super Drug Store* affirmed.

The decision of the Appellate Division in *Feeney v. Saco & Biddeford Savings Institution* is vacated. Remanded to the Workers' Compensation Board with instructions to affirm the decision of the former Workers' Compensation Commission.

All concurring.