1999 ME 140

**Marguerite EASLER et al.**

v.

**Pam DODGE**

Supreme Judicial Court of Maine.

Argued Sept. 8, 1999.

Decided Oct. 5, 1999.

Paul F. Macri (orally), John E. Sedgwick, Berman & Simmons, P.A., Lewiston, for plaintiff.

Robert V. Hoy (orally), Platz & Thompson, P.A., Lewiston, for defendant.

Before WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, ALEXANDER, and CALKINS, JJ.

DANA, J.

[¶ 1] Marguerite and Guy Easler appeal from a summary judgment entered in the Superior Court (Knox County, *Hjelm, J.*) concluding that based on the exclusivity and immunity provisions of the Maine Workers' Compensation Act[1] Pam Dodge was immune from their negligence action for the personal injuries sustained by Mar-

---

1. Section 104 of the Maine Workers' Compensation Act provides in pertinent part that:

An employer who has secured the payment of compensation in conformity with sections 401 to 407 is exempt from civil actions ... involving personal injuries sustained by an employee arising out of and in the course of employment, ... These exemptions from liability apply to all employees, supervisors, officers and directors of the employer for any personal injuries arising out of and in the course of employment
....

39–A M.R.S.A. § 104 (Supp.1998).

Consistent with the policy underlying section 104, section 408, generally known as the exclusivity provision, provides that

[A]n employee of an employer who has secured the payment of compensation as provided in sections 401 to 407 is deemed to have waived the employee's right of action at common law and under section 104 to recover damages for the injuries sustained by the employee....

*Id.* § 408.

guerite while at work. We affirm the judgment.

[¶ 2] The facts are largely undisputed. While working at Target Marketing in Rockland, Easler, Dodge, and two or three other workers gathered at Easler's work table for a 15–minute paid lunch break. When Easler was in the process of sitting down, her chair was moved by Dodge. Easler fell to the floor and was injured. She received workers' compensation benefits for the injury, and then with her husband filed a civil action in negligence against Dodge.

[¶ 3] On Dodge's motion, the trial court granted a summary judgment on the ground that Dodge is entitled to an immunity from the civil action pursuant to sections 104 and 408 of the Maine Workers' Compensation Act. Further, the trial court concluded that Easler's acceptance of workers' compensation benefits precluded her from arguing that her injury did not arise out of or occur in the course of her employment.

[¶ 4] A summary judgment is granted only if no genuine issue of material fact exists and the moving party is entitled to a judgment as a matter of law. *Glynn v. Atlantic Seaboard Corp.*, 1999 ME 53, ¶ 8, 728 A.2d 117, 119. We review the grant of a summary judgment for an error of law, viewing the evidence in the light most favorable to the party against whom the judgment has been entered. *Id.*

[¶ 5] We have stated that the "course of employment" requirement of the workers' compensation law

> relate[s] to time, place and circumstances under which the accident takes place. An accident [occurs] in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his or her duties or engaged in doing something incidental thereto.

*Northern Sec. Ins. Co. v. Dolley*, 669 A.2d 1320, 1324 (Me.1996) (quoting *Fournier's Case*, 120 Me. 236, 240, 113 A. 270 (1921)). *Id.* This includes an accident that occurs during an employee's paid on-premises lunch break.[2]

[¶ 6] To satisfy the "arising out of" requirement " 'there must be some causal connection between the conditions under which the employee worked and the injury which arose, or that the injury, in some proximate way, had its origin, its source, its cause in the employment.' " *Morse v. Laverdiere's Super Drug Store*, 645 A.2d 613, 614 (Me.1994) (citations omitted). In *Comeau v. Maine Coastal Servs.*, 449 A.2d 362, 367 (Me.1982), we articulated several factors to assist in the analysis of whether the required connection is present.[3] Mea-

2. In *Northern Security*, this Court noted that "[T]he course of ... employment"does not begin and end with the actual work [an employee] was employed to do, but covers the period between ... entering his employer's premises a reasonable time before beginning his actual work and leaving the premises within a reasonable time after his day's work is done and during the usual lunch hour, he being in any place where he may reasonably be in connection with his duties or entering or leaving the premises by any way he may reasonably select. *Northern Sec. Ins. Co.*, 669 A.2d at 1324 (quoting *Robert's Case*, 124 Me. 129, 131, 126 A. 573 (1924)).

3. In determining whether an injury arose "out of" the individual's employment, we have examined a variety of considerations including, but not limited to:

(1) Whether at the time of the injury the employee was promoting an interest of the employer or the activity of the employee directly or indirectly benefited the employer.
(2) Whether the activities of the employee work to the benefit or accommodate the needs of the employer.
(3) Whether the activities were within the terms, conditions or customs of the employment, or acquiesced in or permitted by the employer.
(4) Whether the activity of the employee serves both a business and personal purpose, or represents an insubstantial deviation from the employment.

sured by the standard set forth in *Morse,* and in light of the *Comeau* factors, Easler's injury arose out of her employment. As stated above, both Easler and Dodge were in their working area, taking a brief lunch break, when Easler sustained an injury. Moreover, this paid and authorized lunch break, as a part of the employees' work schedule, directly served their employer's interests and constituted an inherent condition of their employment. *See* A. LARSON & L.K. LARSON, 1A *The Law of Workmen's Compensation* § 20.00 (1994).

[¶ 7] As we conclude that Easler's injury occurred in the course of and arose out of her and, to the extent necessary, Dodge's employment, we need not address Dodge's argument that Easler's acceptance of workers' compensation benefits estops her from pursuing a claim in negligence against a co-worker.

The entry is:

Judgment affirmed.

(5) Whether the hazard or causative condition can be viewed as employer or employee created.
(6) Whether the actions of the employee were unreasonably reckless or created excessive risks or perils.
(7) Whether the activities of the employee incidental to the employment were prohibited by the employer either expressly or implicitly.
(8) Whether the injury occurred on the premises of the employer.

*Comeau v. Maine Coastal Servs.,* 449 A.2d 362, 367 (Me.1982) (citations omitted).