2000 ME 132

**Joseph HUSVAR**

v.

**ENGINEERED PRODUCTS, INC.
and Maine Employers Mutual
Insurance Company.**

Supreme Judicial Court of Maine.

Argued June 6, 2000.
Decided July 10, 2000.

---

6. Because we remand for further consideration by the Assessors, we do not reach any other errors asserted by the parties.

Anthony J. Peverada, Esq. (orally), Elizabeth A. Mooney, Esq., Workers' Compensation Board, Worker Advocate Division, Portland, for the employee.

John W. Chapman, Esq. (orally), Kelly & Chapman, Portland, for the employer.

Panel: WATHEN, C.J., and CLIFFORD, RUDMAN, DANA, SAUFLEY, and ALEXANDER, JJ.

RUDMAN, J.

[¶ 1] Engineered Products, Inc. appeals from a decision of the Workers' Compensation Board granting Joseph Husvar's petition for award. The Board concluded that because Husvar suffered memory loss as a result of his injury and because he could not recall the circumstances of his injury, he is entitled to the benefit of a statutory presumption that his injury is work-related. *See* 39–A M.R.S.A. § 327 (Supp.1999). The Board also rejected Engineered's reliance on the intoxication de-

fense, 39–A M.R.S.A. § 202 (Supp.1999), concluding that while Husvar may have been intoxicated, he was not on duty and that, moreover, no evidence suggests that the injury "resulted from" his intoxication. While we affirm the Board's conclusion with respect to the intoxication defense, we agree with Engineered that the Board erred in applying the section 327 presumption to an employee who is physically and mentally able to testify, but is unable to recollect the circumstances of the injury. Because the Board erroneously relied instead on the section 327 presumption, and did not undertake an analysis of work-relationship, we remand to the Board for a determination of compensability.

I.

[¶ 2] Joseph Husvar was employed as a construction laborer for Engineered. On the Sunday before his injury, Husvar was sent to Machias in a company van in order to perform work the following week. Engineered provided accommodations for Husvar and his two co-employees at the Machias Motor Inn. The following Monday and Tuesday, Husvar and his co-employees worked eight-hour days cutting and removing concrete structures. After finishing work on Tuesday, Husvar bought a snack and a fifth of whiskey and returned to his motel room. Husvar and his co-employees stayed in the room drinking beer and whiskey until sometime between 9:30 and 10:00 P.M. when Husvar left to get something to eat. Sometime after Husvar left the motel room, his co-employees discovered Husvar lying on the ground outside the motel room, suffering from a severe concussion and facial injuries. Husvar was taken by ambulance to Eastern Maine Medical Center in Bangor where he was determined to have a blood-alcohol level of 0.118. The Board concluded that, as a result of his severe concussion, Husvar has no memory of the circumstances of his injury. The Board found that: "It is possible that he fell, it is

equally possible that he was assaulted, or that something else happened to him."

[¶ 3] Husvar filed a petition for award seeking payment of medical expenses and incapacity benefits. Engineered contended before the Board that liability was precluded by the so-called "intoxication defense" which prohibits recovery of compensation for injuries that result from an employee's intoxication while on duty. *See* 39–A M.R.S.A. § 202. The Board rejected the intoxication defense because Husvar was not "on duty" at the time of his injury and because there was no evidence that his injury was caused by the intoxication. Instead, the Board concluded that because Husvar is unable to recall the circumstances of the injury as a result of his serious head-injury, he is "physically or mentally unable to testify," and, therefore, entitled to the 39–A M.R.S.A. § 327 presumption that his injury arose out of and in the course of his employment. We granted Engineered's petition for appellate review pursuant to 39–A M.R.S.A. § 322 (Supp.1999).

## II.

[¶ 4] Engineered contends that the evidence of Husvar's intoxication at the time of his injury requires application of the section 202 intoxication defense. We disagree. Section 202 provides:

> Compensation or other benefits are not allowed for the injury or death of an employee when it is proved that the injury or death was occasioned by the employee's willful intention to bring about the injury or death of the employee or of another, or that the injury or death *resulted from* the employee's in-

toxication *while on duty*. This provision as to intoxication does not apply if the employer knew at the time of the injury that the employee was intoxicated or that the employee was in the habit at the time of becoming intoxicated while on duty.

39–A M.R.S.A. § 202 (emphasis added). By the statute's plain language, it is not enough to show that the employee was intoxicated at the time of the injury, the injury must have in some way "resulted from" the intoxication. The Board found insufficient evidence that the employee's injury "resulted from" his intoxication. We defer to factual findings of the Board when they are supported by competent evidence. *See Dufour v. Internal Med. Assocs.*, 1998 ME 169, ¶ 5, 713 A.2d 339, 340. In light of the Board's finding that the injury did not result from the employee's intoxication, it is not necessary to consider the Board's alternative rationale with respect to the intoxication defense, i.e., whether the section 202 defense is inapplicable because the employee was not intoxicated "while on duty."

## III.

[¶ 5] Employees are entitled to workers' compensation benefits for injuries that "arise out of" and "in the course of" employment. 39–A M.R.S.A. § 201(1) (Supp. 1999). In *Comeau v. Maine Coastal Servs.*, 449 A.2d 362, 366–67 (Me.1982), we articulated eight non-exclusive factors to aid in the determination of compensability in those cases "when the fact pattern . . . does not fall snugly within the arising out of and in the course of employment requirement." [1]

---

1. The factors are:
   (1) Whether at the time of the injury the employee was promoting an interest of the employer or the activity of the employee directly or indirectly benefited the employer . . . .
   (2) Whether the activities of the employee work to the benefit or accommodate the needs of the employer . . . .

   (3) Whether the activities were within the terms, conditions or customs of the employment, or acquiesced in or permitted by the employer . . . .
   (4) Whether the activity of the employee serves both a business and personal purpose, or represents an insubstantial deviation from the employment . . . .

[¶ 6] The Board in this case never undertook the *Comeau* analysis. Instead, the Board applied the section 327 presumption, providing:

> In any claim for compensation, when the employee has been killed or is *physically or mentally unable to testify*, there is a rebuttable presumption that the employee received a personal injury arising out and in the course of employment, that sufficient notice of the injury has been given and that the injury or death was not occasioned by the willful intention of the employee to injure or kill the employee or another.

39–A M.R.S.A. § 327 (emphasis added).

■ [¶ 7] We agree with Engineered that it was error for the Board to equate Husvar's inability to *recall* the circumstances of an injury, with the physical or mental inability to *testify*. Had the Legislature intended the presumption to apply to employees who are unable to remember certain facts related to a claim, it would have made that meaning explicit with express language. In this case, Husvar was physically and mentally able to testify. He, therefore, fell outside the section 327 presumption, *notwithstanding* his inability, due to amnesia, to recall what happened at the time he was injured.

### IV.

[¶ 8] Finally, Engineered contends that it is unnecessary to remand to the Board for a determination of compensability because, pursuant to the facts as found by the Board, the Board could not, as a matter of law, conclude that Husvar's injury was work-related in the absence of the section 327 presumption. Engineered relies on our decision in *Morse v. Laverdiere's Super Drug Store*, 645 A.2d 613, 615

(Me.1994). In *Morse*, the employee suffered an injury from an unexplained fall in a gravel parking lot. *Id.* The Commission found that, although the fall occurred in the course of employment, the employee had not met her burden to show that the fall "arose out of" the employment, and, therefore, the injury was not compensable. *See id.* We affirmed, and in so doing, we rejected the so-called "positional risk" presumption, whereby an unexplained fall that occurs in the course of employment is presumed to also "arise out of" the employment. *See id.*

■ [¶ 9] Engineered contends that, pursuant to *Morse*, because Husvar suffered an unexplained injury, he is unable, as a matter of law, to meet his burden to show a sufficient nexus between the injury and his work. This is, in effect, the "positional risk" doctrine in reverse. We reject any black-and-white rule that automatically classifies unexplained injuries as either compensable or noncompensable. As we stated in *Morse*, the work-relation analysis is flexible and our review of a hearing officer's application of the *Comeau* standard is deferential. *Id.* The Board "need not reach the 'correct' conclusion, but only a conclusion that is 'neither arbitrary nor without rational foundation.'" *Morse*, 645 A.2d at 615 (quoting *Comeau*, 449 A.2d at 368). Applying this highly deferential standard of review, we could not conclude that the Commission erred in denying recovery pursuant to the facts of *Morse*. *See id.* Accordingly, our decision in *Morse* was not based on a bright-line rule prohibiting recovery for unexplained injuries, but on deference to the Commission's application of the *Comeau* factors. *Id.*

[¶ 10] In light of the flexibility of the *Comeau* analysis and its reliance on mixed questions of law and fact, we decline to

(5) Whether the hazard or causative condition can be viewed as employer or employee created ....

(6) Whether the actions of the employee were unreasonably reckless or created excessive risks or perils ....

(7) Whether the activities of the employee incidental to the employment were prohibited by the employer either expressly or implicitly ....

(8) Whether the injury occurred on the premises of the employer ....

*Id.* at 367 (Citations omitted).

hold that a finding of compensability is barred in the present case as a matter of law. Instead, we remand to the Board for a determination of work-relatedness without application of the section 327 presumption.

The entry is:

Decision of the Workers' Compensation Board is vacated. Remanded to the Workers' Compensation Board for further proceedings consistent with the decision herein.