STATE OF MAINE
HANCOCK, SS.

SUPERIOR COURT
CIVIL ACTION
Docket No. CV-02-4

Thomas R. Wessner,
    Plaintiff


    v.                                          Order (Defendant's Motion
                                                for Summary Judgment)

John K. Montgomery,
    Defendant                                   MAY 5 2003


        Pending before the court is the defendant's motion for summary judgment. The

court has considered the submissions filed by the parties in connection with the motion.

        This case arises out of an August 2001 incident in which the plaintiff alleges that

the defendant grabbed his wrist, causing personal injury and other damages. The record

on summary judgment establishes that at the time of the alleged incident, the plaintiff was

a golf professional and employed by the Castine Golf Club, and the defendant was the

club's president. Defendant's Statement of Material Fact (DSMF) ¶¶ 2-3. Prior to the

incident spawning this lawsuit, the parties had some history of disputes relating to the

plaintiff's employment and the golf club itself. Id., ¶ 4. On the day of the alleged

battery, the plaintiff, who was a salaried employee, was at work. DSMF ¶ 6; Defendant's

Reply Statement of Material Fact (DRSMF) ¶ 1. Shortly after noon, he used a golf cart to

drive to a general store to buy lunch. DSMF ¶¶ 7, 9. The store is not affiliated with the

golf club and is physically removed from the golf course. Plaintiff's Statement of

Additional Material Facts (PSAMF) ¶ 11. When the plaintiff went to the store, the

defendant was also present there to buy gas for his personal vehicle. PSAMF ¶ 9. The

defendant said to the plaintiff, "I want to know one thing." Id., ¶ 10. The defendant then

grabbed the plaintiff's arm and held on for several seconds, when the plaintiff freed

1

himself from the defendant.[1] *Id.* The defendant chased the plaintiff to the golf cart that the plaintiff had driven to the store. *Id.*, ¶ 11. The defendant stood on the back of the cart while the plaintiff drove it a short distance. *Id.*, ¶¶ 11-12. The plaintiff then stopped the cart, got out of it and ran across the street back to the golf course. *Id.*, ¶ 12. The defendant threw the cart keys at the plaintiff. *Id.*, ¶ 13.

At the time of the incident, the Castine Golf Club had worker's compensation insurance that provided coverage for compensable losses sustained by its employees. DSMF ¶ 18. Subsequent to the incident at issue here, the golf club filed a notice of claim for compensation benefits. PSAMF ¶ 13. The plaintiff himself did not do so. *Id.*, ¶ 5. However, the plaintiff has submitted at least some of his medical bills to the worker's compensation carrier, MEMIC. DRSMF ¶ 2. As a result, at least some of the plaintiff's medical bills have been paid by MEMIC, although the record does not establish that all of the plaintiff's bills have been paid in this way. POSMF ¶ 3. MEMIC declined to pay wage benefits to the plaintiff, and the plaintiff did not challenge that decision. DSMF ¶ 17.

In his motion, the defendant contends that he is immune from civil liability and that the plaintiff's exclusive form of relief is worker's compensation benefits. *See* 39-A M.R.S.A. §§ 104, 408.

In opposing the summary judgment motion, the plaintiff points out that the defendant failed to raise statutory immunity as an affirmative defense. Immunity is an affirmative defense that must be pleaded. M.R.Civ.P. 8(c). The defendant now moves to amend his responsive pleading to include the affirmative defense of immunity. The court grants that motion, and so the substance of the parties' presentations may properly be addressed.

The defendant contends that he is immunized from civil liability under the provisions of the Worker's Compensation Act (the Act). An employer and its employees, supervisors and officers are "exempt from civil actions . . .involving personal injuries sustained by an employee arising out of and in the course of employment," if the

---

[1] The defendant denies that he engaged in any wrongful conduct. Plaintiff's Opposing Statement of Material Fact (POSMF) ¶ 2. The question presented here is whether the defendant is statutorily immunized from civil liability, notwithstanding his denials of the plaintiff's factual allegations.

employer has secured the payment of worker's compensation. 39-A M.R.S.A. § 104. In those circumstances, an injured employee's remedies are limited to the relief available under the Act. 39-A M.R.S.A. § 408. These immunity and exclusivity provisions, limiting the employee's rights of action against the employer and its agents, are to be applied in a "broad and encompassing" way. *Cole v. Chandler*, 2000 ME 104, ¶ 10, 752 A.2d 1189, 1195. It protects an employer and the other prospective defendants identified in section 104 from liability for intentional torts. *Li v. C.N. Brown Co.*, 645 A.2d 606, 608 (Me. 1994). Thus, the remaining question is whether on this record there is a genuine factual dispute affecting the defendant's argument that the plaintiff sustained his injuries arising out of and in the course of his employment at the golf club.

These "arising out of" and "in the course of" elements, when viewed in a consolidated way, result in compensation coverage (and, conversely, employer immunity from civil liability) for "injuries suffered *while* and *because* they [the employees] were at work." *Comeau v. Maine Coastal Services*, 449 A.2d 362, 366 (Me. 1982) (emphasis in original). The question of an employer's statutory immunity is a question of fact. *Cole*, 2000 ME 104, ¶ 14, 752 A.2d at 1196.

An injury arises out of employment where there exists "some causal connection between the conditions under which the employee worked and the injury which arose, or that the injury, in some proximate way, had its origin, its source, its cause in the employment." *Morse v. Laverdiere's Super Drug Store*, 645 A.2d 613, 614 (Me. 1994), *quoted in Easler v. Dodge*, 1999 ME 140, ¶ 6, 738 A.2d 837, 838-39. The "arising out of" inquiry implicates a number of more specific factors. *See Comeau*, 449 A.2d at 367. Application of those factors to the circumstances of this case does not establish this element of statutory compensability as a matter of law. On the one hand, at least part of the relationship between the parties derived from their common affiliation with the golf course, and there had been a history of some disagreement or animosity between them arising from issues relevant to the golf club. Further, one can argue that the plaintiff was present at the store for reasons incidental to his employment. However, despite these factors that support the defendant's argument, the record does not conclusively establish a causal connection between the damages claimed by the plaintiff and the circumstances of his employment. The parties were at the store for personal reasons. The plaintiff was

3

taking a lunch break during his workday. Although arguably incidental to his job, that circumstance creates a measure of distance from his employment conditions. Further, to the extent revealed by the record at bar, the circumstances of the incident are too ambiguous to establish as a matter of law that the injury had its cause in the plaintiff's employment. The record may suggest but does not establish that the defendant's alleged conduct resulting in personal injury to the plaintiff arose from or was created by the latter's employment at the golf club. Therefore, the record reveals a genuine issue of material fact on this element of the defendant's immunity defense, requiring a factfinder's assessment.

Second, the condition that the injury must be in the "course of employment" is an inquiry that "relate[s] to time, place and circumstances under which the accident takes place. An accident [occurs] in the course of employment when it occurs within the period of employment at a place where the employee reasonably may be in the performance of his or her duties or engaged in doing something incidental thereto." *Northern Security Insurance Co. v. Dolley*, 669 A.2d 1320, 1324 (Me. 1996), *quoted in Easler*, 1999 ME 140, ¶ 5, 738 A.2d at 838. An injury is does not fall outside of the scope of compensability under the Worker's Compensation Act simply because it occurs during a break. *Northern Security Insurance Co.*, 669 A.2d at 1324. Rather, the "course of employment" can cover events that occur "during the usual lunch hour, he [the employee] being in any place where he may reasonably be in connection with his duties. . . ." *Id. See also Easler*, 1999 ME 140, ¶ 5, 738 A.2d at 838 ("an accident that occurs during an employee's paid on-premises lunch break" is in the "course of employment").

The record reasonably supports a factual argument, made here by the defendant, that the plaintiff was within the "course of employment" when he was present and allegedly assaulted at the store. He was in close proximity to the golf course premises and traveled there on a golf cart, and from those circumstances one could infer that it was reasonable and foreseeable for him to take his lunch there. However, this argument is not as compelling as the employer's contention in *Easler*, where the employee was at the worksite when she sustained her injuries and was actually paid for the time set aside for her lunch break. Here, the plaintiff was a salaried employee of the golf club and,

4

therefore, presumably would receive the same income whether or not he ate his lunch that day. Further, he chose to buy his lunch at a location near but not on the employer's premises. These circumstances bring this aspect of the defendant's immunity argument into that realm where its resolution requires the judgment of a factfinder. In other words, although one certainly *could* conclude that the relation between the injury and the circumstances of employment is sufficient to satisfy the "course of employment" criterion, the evidence supporting that argument is not sufficient to establish that proposition as a matter of law.

The defendant urges finally that the plaintiff is precluded from contesting the defense of statutory immunity because he (the plaintiff) has sought and accepted worker's compensation benefits covering at least some of the medical expenses generated by the defendant's alleged misconduct. The record on summary judgment establishes that the plaintiff submitted some of his medical bills for payment and that the golf club's compensation carrier may have paid those bills. However, the compensation proceeding itself was initiated by the golf club, and the record does not include any evidence of an adjudication that the plaintiff's injuries were compensable.

As a general matter, an employee's acceptance of compensation benefits paid voluntarily by an employer's carrier does not by itself preclude that employee from obtaining civil redress from that employer. *See* 6 LARSON'S WORKERS' COMPENSATION LAW §102.03[5] (2002). If the rule were otherwise, an employer would be in a position to foreclose civil liability by simply offering worker's compensation benefits to an injured employee who then accepts those benefits. *Collins v. Grafton, Inc.*, 435 S.E.2d 37, 40 (Ga. 1993); *Copass v. Illinois Power Co.*, 569 N.E.2d 1211, 1214-15 (Ill. App. 1991); *Kohler v. McCrory Stores*, 615 A.2d 27, 32 (Pa. 1992). Rather, courts appear to require a showing of additional circumstances beyond the mere acceptance of benefits in order to establish either a valid election of remedies or an issue preclusive effect flowing from the worker's compensation process. *See, e.g. Martin v. United* States, 566 F.2d 895, 898 (4th Cir. 1977) (in order for an employee's civil claim to be barred, the employee's conduct must evidence a "conscious intent" to elect the compensation remedy and waive civil remedies); *Kohler*, 615 A.2d at 32 (absence of administrative adjudication defeats employer's claim of immunity). Here, the plaintiff's continuing acceptance of benefits,

demonstrated by his repeated acts of submitting medical bills for payment by the compensation carrier, may be strongly suggestive of an election to seek relief under the worker's compensation laws and thus a waiver of his rights in the courts. *See Martin*, 566 F.2d at 898-99 ("More troublesome [to the plaintiff-employee's civil claim] is the fact that plaintiff has continued to accept compensation despite the contradictory theory of her tort claim.").

Here, for the reasons noted above, there are genuine factual disputes on the abstract questions of compensability under the Act. However, even if the plaintiff's submission of medical bills for third-party payment estops him from arguing that his injuries were compensable, the defendant would not be entitled to summary judgment. As an affirmative defense, immunity must be proven by the defendant. Under the dual persona doctrine, a co-employee or officer of an employer is not entitled to immunity under the Worker's Compensation Act if that putative defendant is sued and may be liable "in a separate and distinct capacity" from the one associated with his employment. *LaBelle v. Crepeau*, 593 A.2d 653, 655 (Me. 1991). This limitation on immunity is narrow. With a corporate defendant, the second persona of that entity must be so distinct "that it constitutes a separate legal entity and creates a second set of obligations to the employee completely distinct from the duties of employment." *Li v. C.N. Brown, Co.*, 645 A.2d 606, 609 (Me. 1994). Here, the plaintiff has not sued the defendant in an employment related capacity, *see LaBelle*, 593 A.2d at 655, the defendant's presence at the store was not related to work in any way, and there is a genuine issue of material fact as to whether his conduct toward the plaintiff was causally related to work. Therefore, the record on summary judgment leaves room for a genuine factual contention that the defendant's actionable conduct violated duties that were completely divorced from circumstances inherent in the parties' employment.

If the plaintiff alleged that, in the same circumstances otherwise present here, he had been assaulted by a person who had no affiliation with the golf club, then there still would be a genuine dispute of whether the plaintiff sustained his injuries in the course and scope of employment. However, even if it were determined that the plaintiff's injuries were compensable under the Act, then that hypothetical defendant would not be immunized from civil liability. Rather, the provisions of 39-A M.R.S.A. § 107 would

6

allow the plaintiff to maintain a civil action against the tortfeasor. Similarly, when the record here suggests that the defendant was at the store on his own time and not as part of any employment-related activity, direct or incidental, a factfinder might legitimately conclude that he was acting in a way utterly distinct from his employment capacity and that any duty he owed to the plaintiff or standard of conduct imposed on him in that circumstance was completely unrelated to his work persona. Accordingly, even if the plaintiff is barred from arguing that his injuries are not compensable under the Worker's Compensation Act, there remains a material and factual issue about whether the defendant's persona implicated by the plaintiff's allegations was work-related or otherwise.

The court finds that the issues presented here, relating to the "arising out of," "course of employment" and waiver arguments, are close ones. However, the record reveals sufficient facts to support factual contentions that a factfinder may need to resolve.

The entry shall be:

The defendant's motion to amend is granted. His responsive pleading is amended to include affirmative defenses of immunity and exclusivity under the Worker's Compensation Act. The defendant's motion for summary judgment is denied.

Dated: April 21, 2003

_____
Justice, Maine Superior Court

FILED &
ENTERED

APR 2 8 2003

SUPERIOR COURT
HANCOCK COUNTY